[No. 7758.    Decided March 9, 1909.]

ARGO MANUFACTURING COMPANY, *Respondent*, v. WILLIAM E. PARKER *et al.*, *Appellants*.[1]

MECHANICS' LIENS — PERSONAL LIABILITY — JUDGMENT — JOINT OR SEVERAL JUDGMENT. In an action to foreclose a mechanics' lien, it is error to enter a joint judgment for the value of the material against the several owners of two houses to whom the material was delivered in common and so charged against them, where it was agreed that, the houses being identical, the delivery should be in common, but that each should pay one-half of the value thereof, to be taken out of their several salaries, each being employed by the plaintiff.

CORPORATIONS — CONTRACTS — EMPLOYMENT OF OFFICER — IMPLIED CONTRACT FOR WAGES—PAYMENT—BURDEN OF PROOF. An officer and stockholder owning only two shares of stock, who is employed to work for the company, is presumed to be entitled to reasonable wages, which he may recover or offset upon showing the rendition and value of the services; the burden of showing payment being upon the company.

SAME. Where a corporation made salary payments to each of its officers from time to time, an officer devoting all his time to the business, as president and general manager, is entitled to offset any balance due for wages, at their reasonable value, against the value of material sold to him by the corporation.

SAME—WAGES DUE STOCKHOLDERS—ESTOPPEL—RECITALS IN BILL OF SALE. In a bill of sale of the assets of a corporation, joined in by the stockholders, the recital that the corporation is in no way indebted to the stockholders operates as an estoppel against claims by the stockholders for wages due them from the corporation.

SAME—CONTRACTS—SALES BY GENERAL MANAGER TO HIMSELF— RATIFICATION. The sale of material to himself by a general manager of a corporation, is ratified by the corporation by suit brought to recover the value of the material.

Appeal from a judgment of the superior court for King county, John Kelleher, Esq., judge *pro tempore*, entered May 20, 1908, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to enforce a materialman's lien. Reversed.

[1]Reported in 100 Pac. 188.

*Z. B. Rawson* and *S. D. King*, for appellants.

*Aust & Terhune*, for respondent.

Gose, J.—This action, instituted by the respondent to recover from the appellants the sum of $1,506.08, and to foreclose a materialman's lien filed to secure the payment of the same, terminated in a joint judgment against the appellants for $960.90, and a denial of the lien. From such judgment, this appeal is prosecuted.

The complaint avers that the respondent furnished to the appellants William E. Parker and Charles W. Caskey, jointly, building material for the construction of two houses, of the value of $1,506.08; that William E. Parker and Lillie Parker are husband and wife, and that Charles W. Caskey and Edith E. Caskey are husband and wife. The appellants William E. Parker and Lillie Parker, answering separately, admitted that they are husband and wife, and denied that any building material was furnished to Parker and Caskey. They pleaded affirmatively that the appellant William E. Parker performed labor and rendered services for the respondent as vice president, agent, and salesman, for the period of twenty-one months, for the agreed salary of $100 per month; that $570 and no more had been paid thereon. The respondent, replying, admitted the payment, and denied all the other matters affirmatively pleaded. The appellants Charles W. Caskey and Edith Caskey admitted that they are husband and wife, and denied that any building material was furnished to Parker and Caskey. They pleaded affirmatively that there was a balance of $723.39 due the appellant Charles W. Caskey from the respondent for services which he had rendered it as an employee; that there was a balance of $961.13 due George J. Caskey, a balance of $590.92 due Edward Caskey, and a balance of $580.29 due Bert Caskey, from the respondent, for services which they respectively had performed for it as employees; that such accounts had been assigned to them. The respondent, re-

plying, put these several matters in issue, and pleaded affirmatively certain facts as constituting estoppel, to which we will later refer. The court found the following facts material to this inquiry:

"(3) That on, to wit, the 16th day of March, 1906, the defendants, W. E. Parker and Charles W. Caskey, jointly undertook to improve the property hereinafter described, by erecting thereon two certain houses; and that in accordance therewith the plaintiff herein, at the instance and request of the said Charles W. Caskey and William E. Parker, furnished materials to be used in the construction of the said houses and the improvement of the said property, which materials so furnished to the said Parker and Caskey were at the agreed price and reasonable value of $1,466.56, for which amount the said Charles W. Caskey and William E. Parker contracted to pay this plaintiff for said materials.

"(6) That no part whatsoever of said sum of $1,466.56 has been paid, although payment has been demanded of defendants.

"(7) That on the 15th day of January, 1907, there was due and unpaid to George J. Caskey from the plaintiff for services rendered at its request as an employee in its said service, the sum of $496.13, being at the rate of $75 per month for six and one-half months; that on said 15th day of January, 1907, said George J. Caskey, by assignment in writing, duly assigned and transferred said claim for services to the defendant Charles W. Caskey, and that said sum is an offset against the amount due for materials furnished, as hereinbefore set forth."

It also made the following conclusion of law:

"That the Argo Manufacturing Company is entitled to judgment against the defendant William E. Parker, Lillie Parker, his wife, and Charles W. Caskey and Edith E. Caskey, his wife, in the sum of $960.90, together with interest thereon at the legal rate from October 25th, 1906, together with its costs and disbursements herein to be taxed."

The appellants assign error as to findings of fact 3 and 6, and the conclusion of law deduced therefrom. The evidence shows, that in the month of July, 1905, the appellants

Charles W. Caskey and William E. Parker, together with Albert Caskey and Edward Caskey, sons of Charles W. Caskey, organized the respondent corporation; that they owned all of its capital stock until January 17, 1907, when the entire capital stock and assets of the corporation were transferred by a bill of sale to the Union Savings & Trust Company, a banking corporation, to which it was heavily indebteded at such time; that the bill of sale was signed by the several stockholders, and recited that such stockholders were the owners of stock in the respondent corporation in the amounts following: Charles W. Caskey, seventy shares; William E. Parker, two shares; Albert Caskey, sixty-five shares; Edward Caskey, sixty-three shares; that such stockholders therein agreed with the purchaser as follows:

"And for the purpose of making the same clear, it is hereby declared that the said corporation [meaning the respondent] is in no manner indebted to the undersigned or any of them."

The evidence further shows that, from the date the respondent corporation was organized until such sale, the appellant Charles W. Caskey was the president and general manager of the respondent; that the appellant William E. Parker was its vice president, soliciting agent, and collector; that Edward Caskey was its secretary and treasurer, and that they each worked continuously for it during such period, in their respective capacities; that George Caskey and Albert Caskey were in the employ of the respondent during the same period; that in the year 1905 the appellants Charles W. Caskey and wife purchased one-half of a certain lot, and the appellants William E. Parker and wife purchased the other half of such lot; that in 1906 the appellants Charles W. Caskey and William E. Parker each erected a house upon his own property; that they purchased building material from the respondent which entered into the construction of such houses; that the larger part of such material was charged upon the daily sales book to the appellant William

E. Parker, and upon the ledger to Parker and Caskey; that it was sometimes ordered by Parker and at other times by Caskey, and delivered to them in common; that Parker did not know that the same was so charged. This, in substance, is all the evidence the record contains tending to support the joint judgment. As against this the appellants Charles W. Caskey and William E. Parker both testified, that the two houses were in all respects identical; that it was agreed between them that the material should be delivered to them in common, but that each of them should pay to respondent one-half of the value of the same; that such payment should be made by each of them out of his salary as it accrued. The evidence is convincing that the material was sold and delivered to them in the manner and under the contract stated in their testimony. It follows that the court erred in rendering a joint judgment against them.

We will next consider the status of the case as to the appellants Parker. The evidence shows that William E. Parker worked for the respondent for a period of eighteen months, and that his services were reasonably worth $100 per month. As we understand the pleadings, it is admitted that he had received only $570 for his services. It cannot be successfully urged that, because he was an officer and a stockholder, he was not entitled to wages. As we have shown, he owned only two shares of its capital stock. This being true, there arose from the rendition of his services an implied contract that the respondent should pay him their reasonable value. It was competent for the general manager to sell the material to him upon his engagement to pay for the same out of his salary as it accrued. We have not found any evidence in the record which shows that he was paid a greater sum than $570, which is the amount he admits having received. The recital in the bill of sale is only an estoppel against him as to his salary in excess of his indebtedness to the respondent at the time of its execution. His salary as it was earned, according to his contract, applied as a payment *pro tanto* upon

his indebtedness. He having proven the rendition of his services and their value, the burden was on the respondent to show payment. This it failed to do. It appearing, therefore, that his accrued salary at the time of the sale was greater than his indebtedness to the respondent, the case should have been dismissed as to the appellants Parker.

Passing to the consideration of the case with reference to the appellants Caskey, the evidence shows that the respondent from time to time made salary payments to each of the officers, stockholders, and employees; that Charles W. Caskey devoted his entire time to the business of the respondent as its president and general manager for a period of eighteen months, and that his services were worth $150 per month. He is entitled to offset any balance due him for wages estimated on such basis, against the value of the material which the respondent furnished him for the construction of his house. We have not been able to determine this offset from the evidence. Some of the respondent's exhibits are not in the record, notably exhibits V and others referred to in the testimony of the accountant W. E. Kesil.

Appellants urge that there should also be a deduction of the assigned accounts of Edward Caskey, George Caskey, and Albert Caskey, for the wages due each of them at the time of the execution of the bill of sale. A proper credit was given by the trial court on the George Caskey assignment. The recital in the bill of sale operates as an estoppel as to the wages of Edward and Albert Caskey at such time. The respondent urges that the appellant Charles W. Caskey could not, as general manager, sell to himself, as such conduct was hostile to the interests of his principal. A sufficient answer to this contention is that the respondent has ratified the sale by a suit to recover the value of the material which was sold to him. The conduct of all of the stockholders shows that it was their intention that each thereof should devote his time to the promotion of the enterprise, and that each should be paid the reasonable value of his services.

The legal principles announced herein are fundamental, and the citation of authority is not necessary.

The case will be reversed, and the trial court directed to dismiss the same as to the appellants Parker. As to the appellants Caskey, the court will first deduct from the judgment the one-half thereof paid by the appellants Parker, and second, ascertain the amount of any balance due them on the salary of Charles W. Caskey on the basis of eighteen months' service at $150 a month, credit such balance on the Caskey indebtedness, and enter judgment accordingly.

RUDKIN, C. J., FULLERTON, CHADWICK, CROW, DUNBAR, and MOUNT, JJ., concur.