[Civ. No. 608.   Third Appellate District.—August 21, 1909.]

## W. E. DINGLEY et al., Appellants, v. W. V. BUCKNER, as Sheriff of the County of Kings, Respondent.

INJUNCTION—DESTRUCTION OF CREAMERY BUSINESS UNDER ATTACHMENT—SUFFICIENCY OF COMPLAINT.—A complaint for an injunction to restrain the sheriff defendant from totally destroying the creamery business of plaintiffs, under a writ of attachment, which shows that the necessary appliances of said business, belonging to the plaintiffs, including a boiler and engine, were connected with the building in which said business was carried on, that the sheriff took possession of said appliances under said writ, and unless restrained by the court will close down said building, to the total destruction of said business, and the total loss of all patronage thereof, and will cause great waste of materials, and irreparable injury to the plaintiff, presents unquestionable ground in equity for the writ of injunction.

ID.—INADEQUATE REMEDY AT LAW.—No proceeding at law can afford an adequate remedy for the destruction of one's business.

ID.—INSOLVENCY OF DEFENDANT—PLEADING.—The insolvency of the defendant is not required to be alleged where it appears, in legal contemplation, that the damage is irreparable.

ID.—ATTACHMENT—INJUNCTION NOT RENDERED ABORTIVE.—The injunction was not rendered abortive by reason of the attachment of the personal property and the possession thereof by the sheriff's keeper, it being clear that the wrong was a continuous one, and the action was to prevent any further interference with the operation of the

business, and that the possession of the personal property attached was merely incidental to the primary purpose of the action.

ID.—EQUITY NOT AFFECTED.—It would be intolerable that equity should refuse to interfere to prevent the destruction of one's business, for the reason that the despoiler has acted so speedily as to take possession of the appurtenances of the business before the owner is aware of his purpose or can move to circumvent it.

ID.—PROVISION OF INJUNCTION FOR POSSESSION OF KEEPER—DEFENDANT NOT ENTITLED TO COMPLAIN.—The defendant sheriff could not complain because the injunction granted provided that the sheriff shall be permitted to hold possession of the property attached by placing a keeper in possession thereof subject to the rights of the plaintiffs specified; though, in fact, that is less than he was entitled to, since the plaintiffs, under the showing made, should have been allowed to conduct the business without the presence of the keeper.

ID.—IMPROPER DISSOLUTION OF INJUNCTION—RELATIVE RIGHTS OF PARTIES.—Under the circumstances appearing, the court improperly dissolved the injunction on the coming in of the answer, since thereby the purpose of the action was defeated, and the continuance of the injunction could not have prejudiced the rights of the plaintiff in the attachment suit.

ID.—DISSOLUTION NOT WARRANTED BY FORM OF DENIAL—WANT OF INFORMATION AND BELIEF.—Where the material allegations of the complaint stating a cause of action for an injunction were denied merely for want of information and belief, though such form of denial is sufficient to raise an issue, it is insufficient to entitle the defendant to dissolve the injunction on the coming in of the answer. Such negation affords no presumption against the plaintiff's equity, but merely establishes that the defendant has no personal knowledge to aid it or disprove it.

APPEAL from an order of the Superior Court of Kings County, dissolving a preliminary injunction. John J. Covert, Judge.

The facts are stated in the opinion of the court.

F. J. Walker, and M. L. Short, for Appellants.

H. Scott Jacobs, for Respondent.

BURNETT, J.—The appeal is from an order dissolving a preliminary injunction. The grounds upon which the motion for a dissolution was made were stated as follows: "1st. That said plaintiffs, or any of them, are not entitled to any in-

junction in the above-entitled action. . . . 4th. That there
are no sufficient grounds for the retention of said injunction.
5th. That said injunction was and is an abortive injunction.''
The second and third grounds stated are omitted, as they are
covered by the first.

1. The facts alleged in the complaint are sufficient, we
think, to justify the court in issuing the injunction. It ap-
pears by express averment that the plaintiffs were the owners,
in the possession and entitled to the possession of the neces-
sary appliances including a boiler and gasoline engine con-
nected with a certain building, and all of which were used in
conducting a creamery business and were necessary therefor;
that plaintiffs purchased daily large quantities of cream from
the neighboring farmers and dairymen, and manufactured
said cream daily into butter and shipped it at least three
times a week to the city of Los Angeles, where the same was
contracted to be delivered and where it was sold daily to a
large number of customers. ''That on the twenty-second day
of September, 1908, the said W. V. Buckner, as sheriff of the
county of Kings, and under a writ of attachment issued out
of the superior court of this county in the case of *M. Fraga
v. J. H. Weger and C. K. Sorenson,* . . . took possession of
all of the said property described in paragraph I of this com-
plaint and threatens to, and is about to, and will, take pos-
session and close said building in which said creamery business
is conducted unless restrained by this court from so doing'';
that by reason thereof ''the whole of said creamery business
will be destroyed, and all of the patrons of said creamery
will be lost and all of the customers of said creamery for
butter will be lost . . . and great waste and damage will re-
sult and irreparable injury and mischief will result to plain-
tiffs not susceptible of computation or compensation in a suit
at law, and all of plaintiff's rights and interests would be
destroyed.''

The complaint presents one of the most unquestioned
grounds for the application to a court of equity for the writ
of injunction. No proceeding at law can afford an adequate
remedy for the destruction of one's business. The action of
claim and delivery might result in the recovery of the pos-
session of the personal property taken or its value in case
delivery could not be had, but the judgment would not in-

clude the most important element of loss involved in this proceeding. Section 526 of the Code of Civil Procedure provides that ''An injunction may be granted in the following cases: 1. When it appears by the complaint that the plaintiff is entitled to the relief demanded, and such relief or any part thereof, consists in restraining the commission or continuance of the act complained of either for a limited period or perpetually. 2. When it appears by the complaint or affidavit that the commission or continuance of some act during the litigation would produce waste, great or irreparable injury to the plaintiff.'' Not only a part, but virtually all, of the relief demanded here consists in ''restraining the continuance of the act complained of,'' to wit, the possession of said property and thereby an interference with the operation of the plant and the consequent destruction of the business. It is no answer to say that plaintiffs might go out into the market and replace the said personal property. It would be just as legitimate to argue that they might lease other premises or go into some other business. If the fundamental rights of the individual to liberty and the possession of property are to be regarded, plaintiffs obviously could not be precluded by a trespasser from conducting that particular business at that particular place and with the appliances of their own choosing. If authority should be deemed necessary for a proposition so manifest, we find it in the three cases cited by appellants: *Watson* v. *Sutherland,* 72 U. S. 74; *North* v. *Peters,* 138 U. S. 271, [11 Sup. Ct. 346], and *Bolsa Land Co.* v. *Burdick,* 151 Cal. 254, [90 Pac. 532]. In the first of these a bill in equity was filed by one Sutherland to enjoin the further prosecution of certain writs of *fieri facias* as levied by the sheriff Watson, and so to prevent irreparable injury to himself, to wit, the destruction of his business as a merchant. The answer, among other things, set up the defense that the action of trespass furnished a complete and adequate remedy at law, as the complainant could easily obtain in the market property of the same description, quantity and quality which would suit his purpose as well as those levied upon. The court, however, in reply to this, declared: ''How could Sutherland be compensated at law, for the injuries he would suffer, should the grievance of which he complains be consummated? . . . Commercial ruin to Sutherland might, therefore, be the

effect of closing his store and selling his goods, and yet the common law fail to reach the mischief. To prevent a consequence like this, a court of equity steps in, arrests the proceedings *in limine,* brings the parties before it, hears their allegations and proofs, and decrees, either that the proceedings shall be restrained or else perpetually enjoined. The absence of a plain and adequate remedy at law affords the only test of equity jurisdiction, and the application of this principle to a particular case must depend altogether upon the character of the case as disclosed in the pleadings. In the case we are considering it is very clear that the remedy in equity could alone furnish relief, and that the ends of justice required the injunction to be issued."

And similarly in the North case, *supra,* in response to the contention that either the action of trespass or replevin furnished an adequate remedy, it is said: "It does not need argument to show that neither of these actions would afford as complete, prompt and efficient a remedy for the destruction of the business, which, with the goods levied upon, constituted the appellee's entire estate and pecuniary resources, as would be furnished by a court of equity in preventing such an injury."

In the Bolsa Land Company case it was held by our supreme court that "an injunction will lie, at the instance of the owners of an inclosed tract of land used as a game preserve, to restrain a large number of persons who were acting under an agreement and conspiracy between themselves from entering upon the land and committing continuous trespass thereon," and that these acts "constituted such an invasion of plaintiff's asserted rights as to have justified the continuance of the preliminary injunction."

In fine, the rule as to the remedy at law is as stated in Story's Equity Jurisprudence, section 33: "It must reach the whole mischief and secure the whole right of the party in a perfect manner at the present time and in future; otherwise equity will interfere and give such relief and aid as the exigency of the particular case may require."

In reply to the criticism of respondent that there is no allegation of the insolvency of defendant, it is sufficient to say that this is a false quantity where it appears in legal contemplation that the damage is irreparable.   (*Wharf & Lighter*

*Co.* v. *Simpson,* 77 Cal. 286, [19 Pac. 426]; *Kellog* v. *King,* 114 Cal. 378, [55 Am. St. Rep. 74, 46 Pac. 166].)

.None of the cases cited by respondent, as we understand them, is at all opposed to the foregoing views.

2. The contention that the injunction was "abortive" is based upon the consideration that the act which was sought to be enjoined, to wit, the taking possession of the personal property, had already been accomplished and the temporary injunction had the effect of changing such possession, and to that extent was a mandatory injunction and should not have been issued, and also that it permitted "a sort of joint possession between the sheriff and appellants—a thing absolutely unheard of in legal procedure."

In support of the first ground are cited *Stewart* v. *Superior Court,* 100 Cal. 543, [35 Pac. 156, 563], *Hatch* v. *Raney,* 9 Cal. App. 716, [100 Pac. 188], and *San Antonio W. Co.* v. *Bodenhamer,* 133 Cal. 248, [65 Pac. 471].

In the Stewart case the question was whether an appeal bond operated to stay execution of an injunction, and in that connection the court took occasion to state what as a general rule is true, that: "The office of a writ of injunction, as its name imports, is peculiarly a preventive and not a remedial one; it is to restrain the wrongdoer, not to punish him after the wrong has been done or to compel him to undo it."

In the Hatch case the wrong had been entirely consummated more than a year before the action was brought, and hence it was not a case for injunction.

The San Antonio Water Company case was an action involving real property, and under the facts was properly decided. It is also true, as stated therein, that injunction "is not a proper remedy for recovery of possession of personal property." It is just as true, however, as affirmed in said decision, that the court may interfere "by way of interlocutory injunction for the protection of legal rights and the prevention of irreparable mischief, although this may involve a change of the actual possession. (2 High on Injunctions, sec. 1106.)"

It is clear that here the wrong was a continuous one, and, as we have seen, the action was to prevent any future interference with the operation of the business, and the possession of the said personal property was merely incidental to the

primary purpose of the action. It would certainly be intolerable that equity should refuse to interfere to prevent the destruction of one's business for the reason that the despoiler has acted so speedily as to take possession of the appurtenances of said business before the owner is aware of his purpose or can move to circumvent it.

Neither could respondent complain because the injunction provided that "the said sheriff shall be permitted to hold possession of said property by placing a keeper in possession thereof subject to the above restrictions." Plaintiffs, under the showing made, in our opinion, should have been allowed to conduct the business without the presence of the keeper, but it surely does not lie in the mouth of defendant to complain because plaintiffs received less than they were entitled to.

3. Under the circumstances, we think the court should not have dissolved the injunction. By the dissolution the purpose of the action was defeated and the continuance of the injunction in force could not have prejudiced the rights of the plaintiff in the attachment suit.

In High on Injunctions, section 1511, it is said: "If the continuance of the injunction, even admitting defendant's answer to be true, cannot prejudice or impair his rights, and, on the other hand, its dissolution might seriously impair the rights of complainant, the motion to dissolve upon the coming in of the answer should not be allowed." And again, section 1512: "It is also held that where the injunction is not merely ancillary to some other or principal relief sought by the action, but is itself the principal relief desired, and its dissolution would be equivalent to a dismissal of the action, if a reasonable doubt exists in the mind of the court whether the bill is sufficiently negatived by the answer, it is proper to refuse a dissolution and continue the injunction to the hearing."

If the material allegations of the complaint had been positively denied by the answer, under the rule, the action of the court below could not be disturbed. But the denial of plaintiffs' ownership is only on information and belief, and the answer admits that defendant took possession of the property. Therefore, we have a case for the principle announced in *Porter* v. *Jennings,* 89 Cal. 445, [26 Pac. 967]: "Certain

allegations of the complaint are denied upon information and belief. While denials in this form are authorized by section 437 of the Code of Civil Procedure as matters of pleading, and are sufficient to raise an issue, yet they are not such denials as will serve as the basis of a motion to dissolve an injunction on the ground that the equities of the bill are fully denied by the answer. Judge Story says: 'Such negation affords no presumption against the plaintiff's claim, but merely establishes that the defendant has no personal knowledge to aid it or disprove it.' "

As we view it, we think it was an injustice to plaintiffs to dissolve the injunction, and the order is therefore reversed.

Hart, J., and Chipman, P. J., concurred.