[No. 12587.   Department One. — September 21, 1889.]

MARY MUNSON, RESPONDENT, *v.* EDGAR J. BOWEN, APPELLANT.

PLEADING — ANTICIPATING DEFENSE — AMBIGUITY — GENERAL DEMURRER. —A complaint which, after stating a good cause of action, proceeds to anticipate an expected defense, violates a plain rule of pleading, and is liable to a special demurrer for ambiguity and uncertainty; but the objection cannot be raised upon general demurrer.

ID. — FORMER ADJUDICATION — HUSBAND AND WIFE — GUARANTY — ACTION ON NOTES — DEMURRER. — A complaint by a married woman upon a guaranty of the defendant for the repayment to her and her husband of a portion of certain moneys invested by them in a business in which defendant is interested, showing that a previous action had been brought against the defendant by the plaintiff upon notes given by the defendant to the plaintiff for borrowed money, which was her separate property, and which notes were adjudged to have been paid by investment of the plaintiff's money in the said business on the order of plaintiff's husband, and averring further that no part of the money invested by the plaintiff had ever been refunded, and that her husband had assigned his rights to her, and seeking a judgment against the defendant on the guaranty, is not demurrable on the ground that the complaint shows a former adjudication against the plaintiff of the subject-matter of the present action.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The action was upon the guaranty of defendant in the sum of one thousand dollars, contained in the following agreement: —

"This agreement, made and entered into this twenty-ninth day of January, A. D. 1885, witnesseth, that in consideration of an undivided one-sixteenth interest to me guaranteed and secured by D. L. Munson and Mary

Munson, his wife, in the George Simpson Metallurgical Works, now being erected in West Point, Calaveras County, California, for working base and refractory gold ores; and whereas, the said D. L. and Mary Munson have advanced and paid the said company the sum of two thousand dollars ($2,000); which sum of two thousand dollars said company agree to repay to the said D. L. and Mary Munson out of the first money made and taken out by the said works. Now, should said company fail to pay said sum, or any part thereof, I hereby agree and bind myself to pay the said D. L. and Mary Munson one half of such amount remaining unpaid in any sum not exceeding one thousand dollars ($1,000).

"E. J. BOWEN."

The complaint alleged, in substance, that the plaintiff, Mary Munson, is a married woman; that her husband, D. L. Munson had assigned to her all his interest in the foregoing agreement; that said metallurgical works had proved a failure, and had repaid no part of said investment of $2,000, and that defendant, after notice and demand, had refused to pay any part of said sum of $1,000 as provided in said agreement; that defendant had borrowed $1,850 of plaintiff on the 4th of March, 1884, of which $1,570 was her separate property, and had given notes to her therefor, upon which she sued defendant in a former action, in which it was adjudged that said notes had been paid and invested in said business on the order of plaintiff's husband. The complaint averred that the said guaranty was intended to secure to plaintiff the repayment of $1,000 of her separate property. Further facts are stated in the opinion of the court.

*Page & Eells,* for Appellant.

*Joseph M. Nougues,* for Respondent.

WORKS, J.—This is an action for the recovery of money. Demurrer to the complaint was overruled, and

the defendant failing to answer, judgment was rendered against him, and he appeals.

The appellant contends that the complaint was insufficient, and that the court below erred in overruling the demurrer thereto. The complaint, after stating a good cause of action, proceeded to anticipate an expected defense. By thus violating a plain rule of pleading, the pleader rendered his complaint uncertain and ambiguous. But we think it was good against the general demurrer that was interposed. The point made against it is that it shows a former adjudication of the question presented in this case, but we think that it does not.

Judgment affirmed.

PATERSON, J., and FOX, J., concurred.

Hearing in Bank denied.