RIALTO IRRIGATING DISTRICT, RESPONDENT, *v.*
J. R. BRANDON ET AL., APPELLANTS.

IRRIGATION DISTRICT—EMINENT DOMAIN—CONDEMNATION OF RIGHT OF
WAY FOR PIPE LINE—CONSTRUCTION OF WRIGHT ACT.—The provisions
of the Wright act, providing for the construction of "ditches and
canals," and giving power to an irrigation district to condemn property
"necessary for the construction, use, supply, maintenance, repair, and
improvement of canals and works, and all necessary appurtenances," are
broad enough to include pipe lines, flumes, or other conduits usually
employed in works of the kind for conveying water, even if not neces-
sarily included in the terms "ditches and canals."

ID.—PUBLIC USE—NECESSITY FOR TAKING—PLEADING.—A complaint
alleging plaintiff's organization into an irrigation district, and the pur-
pose of its organization, and showing that the object sought by the use
is to provide water for irrigating lands within the district, particularly
describing them; that the defendants own the land over which the right
of way is sought, particularly describing it; that in order properly to
irrigate the lands of the district it is necessary to construct a pipe line,
which is particularly described, across the defendants' land at the point
designated; and that the right of way is sought for the purpose of estab-
lishing and maintaining such pipe line, the complaint being accompanied
by proper maps made a part thereof, showing survey and delineation of
the proposed line upon the ground, is sufficient to show that the use is a
public one, and that the taking is necessary for such use.

ID.—CONCLUSIVENESS OF DECREE CONFIRMING ORGANIZATION—PROCEED-
ING IN REM—EVIDENCE.—A decree confirming the regularity of the
proceedings for the organization of an irrigation district is rendered in
a proceeding *in rem* had and authorized for the express purpose of fixing
the legal *status* of the corporation, and concludes the whole world upon
all the questions involved, and is admissible in evidence in a condem-
nation proceeding by the irrigation district.

ID.—EVIDENCE OF PUBLIC USE AND NECESSITY.—It is not necessary, in
order to justify a finding that the right of way is a public use and a
necessity, for plaintiff to show that there was absolutely no other way
but the one designated in the complaint by which the water could be
brought on its land; and the fact that it might have been possible, as
shown by the evidence, by going a long way around and condemning
other lands, to accomplish the purpose sought, is immaterial.

APPEAL from a judgment of the Superior Court of
San Bernardino County, and from an order denying a
new trial.

The facts are stated in the opinion of the court.

*Joseph R. Brandon,* in *propria persona,* for Appellants.

The right sought is not a public use, and is not authorized by law. (Code Civ. Proc., sec. 1241.) No power is given under the Wright act to condemn property for the purposes sought in this suit, but canals and ditches are alone spoken of. (See Wright Act, sec. 12; Brown's Legal Maxims, 516.) The demurrer to the complaint should have been sustained, as the complaint failed to show that the right of way sought to be condemned is necessary. Facts showing necessity should have been alleged that defendants might deny them, and not the mere conclusion of law. (Code Civ. Proc., sec. 1241; *Goodwin* v. *Goodwin,* 59 Cal. 560; *Estate of Gharky,* 57 Cal. 274; *County of Yolo* v. *Knight,* 70 Cal. 434; *Furman* v. *Walter,* 13 How. Pr. 349.) It does not appear that the use is authorized by law. (Code Civ. Proc., sec. 1241.)

*Walter Bordwell,* for Respondent.

VAN FLEET, J.—Plaintiff is an irrigation district formed under the law of 1887 (Stats. 1887, p. 29), commonly known as the Wright act, having its location in San Bernardino county. In constructing its works for the purpose of supplying water for irrigation purposes to the inhabitants of the district it was found necessary to complete a proper irrigation system, to lay a certain pipe line, described in the complaint, across lands belonging to the defendants. This action was brought for the purpose of condemning a right of way for such pipe line. Judgment went for plaintiff, condemning the necessary way, and assessing damages for the taking in favor of defendants, with costs. The appeal is from the judgment and an order denying a new trial. The appeal is without merit.

1. The demurrer to the complaint was properly overruled. The objection that power is not given under the act to condemn property for the purposes sought is untenable. The argument is that the act provides only

for the construction of ditches and canals, and that this does not include pipe lines. The act provides for the construction of a "system of works" to irrigate the lands within the district, and by section 12 the board is given the right to acquire property "necessary for the construction, use, supply, maintenance, repair, and improvement of said canal or canals, and works, . . . . and all necessary appurtenances." This language is broad enough to include pipe lines, flumes, or other conduits usually employed in works of the kind for conveying water, even if not necessarily included in the terms "ditches and canals."

The complaint, after alleging plaintiff's organization into an irrigation district, and the purpose of its organization, shows that the object sought by the use is to provide water for irrigating lands within the district, particularly describing such lands; that the defendants own the land over which the right of way is sought, particularly describing it, and that such land adjoins plaintiff's district, and constitutes its boundaries on two sides—the north and west; that in order to properly irrigate the lands in the district it is necessary to construct the pipe line, which is particularly described, across the defendants' land at the point designated; and that the right of way is sought for the purposes of establishing and maintaining such pipe line. The complaint is also accompanied by proper maps, which are made part of it, showing survey and delineation of the proposed line upon the ground. This was sufficient to show that the use is a public one, and that the taking is necessary to such use. (*Cummings* v. *Peters*, 56 Cal. 596.) There is nothing in the further point urged against the complaint. The rule there contended for is not a rule of pleading but of evidence.

2. It was not error to admit the decree of the superior court confirming the regularity of the proceedings for plaintiff's organization as an irrigation district to establish the facts therein decreed. The proceeding in which that decree was rendered was a proceeding *in*

*rem*, had and authorized for the express purpose of fixing the legal *status* of the corporation, and that decree concluded the whole world upon all the questions involved.   (*Crall* v. *Poso Irr. Dist.*, 87 Cal. 140.)

3. The evidence was sufficient to sustain the finding that the right of way was a public use, and a necessity. It was not necessary for plaintiff to show that there was absolutely no other way but the one designated in its complaint by which the water could be brought on its land.   The fact that it might have been possible, as shown by the evidence, by going a long way around and condemning other lands, at a much greater expense, to accomplish the purpose sought, is immaterial.

We have examined the various other assignments, and do not regard them as requiring special mention. We find no error in the record, and the judgment and order are affirmed.

GAROUTTE, J., and HARRISON, J., concurred.

Hearing in Bank denied.