## PERRIS IRR. DIST. v. THOMPSON.

(Circuit Court of Appeals, Ninth Circuit. May 5, 1902.)

No. 746.

1. MUNICIPAL BONDS—ACTION BY HOLDER—DEFENSES.
    The fact that a plaintiff owns less than the entire issue of a series of municipal bonds cannot affect his right to maintain an action for their enforcement.

2. CORPORATIONS—ADMISSION OF EXISTENCE—PLEADING IN CORPORATE NAME.
    A defendant sued as a corporation, by appearing generally and filing a demurrer and subsequently answering to the merits in its corporate name,

¶ 2. See Corporations, vol. 12, Cent. Dig. §§ 94, 95, 2003, 2073-2075.

admits its existence as a corporation, and cannot impose the burden of proving such fact on the plaintiff by a denial in the answer.

**8. MUNICIPAL BONDS—ACTION AGAINST IRRIGATION DISTRICT—ADMISSION OF EXECUTION.**

Under Code Civ. Proc. Cal. § 447, which provides that where an action is brought upon a written instrument, and the complaint contains or has attached a copy of such instrument, "the genuineness and due execution of such instrument are deemed admitted, unless the answer denying the same be verified," where the answer in an action against an irrigation district to recover on its bonds was not verified, and the complaint set out copies of the bonds, which, bearing the corporate seal of the district, were also introduced in evidence, plaintiff was not required to further prove their execution or their confirmation by the court of the proceedings under St. 1889, p. 212.

**4. SAME—BONA FIDE HOLDER—EVIDENCE TO IMPEACH GOOD FAITH.**

The fact that a holder of bonds of an irrigation district, containing recitals that they were issued in all respects in conformity with the requirements of the statute authorizing the same, purchased them from the president of the district, does not impeach the bona fides of his ownership, nor render the bonds in his hands subject to the defense that the recitals were untrue, where there was no law prohibiting the president of the district from purchasing or owning them, in the absence of any other evidence to charge the holder with notice of invalidity.

In Error to the Circuit Court of the United States for the Southern District of California.

The Perris irrigation district, the plaintiff in error, was the defendant in an action at law brought by Robert H. Thompson, the defendant in error, to enforce the payment of certain bonds and coupons. The plaintiff in the action alleged that the defendant therein was an irrigation district organized, incorporated, and existing under and by virtue of an act of the legislature of the state of California of date March 7, 1887, and acts amendatory and supplementary thereto, and that said irrigation district, in the exercise of the power granted by said act of the legislature, and acting through its board of directors and officers thereunto duly authorized, issued the bonds and coupons which are the subject of the action under its corporate seal, and attested by the signatures of J. W. Nance, its president, and H. A. Plimpton, its secretary. The complaint sets forth the form of the bond in full, with all its recitals, one of which is that the bond was issued by the board of directors of said irrigation district "pursuant to a vote of the electors of said district at an election held for that purpose on the 1st day of November, 1890. The said series of which this bond is one is composed of 884 bonds, each of the denomination of $500. Said bonds are issued by authority of, pursuant to, and after a full compliance with all the requirements of the act of the legislature of the state of California entitled "An act to provide for the organization and government of irrigation districts, and to provide for the acquisition of water and other property, and for the distribution of water thereby for irrigation purposes, approved March 7, 1887" (St. 1887, p. 29). The attestation clause is as follows: "In witness whereof said Perris Irrigation District has caused these bonds to be issued and signed by its president and secretary, and its corporate seal to be hereunto affixed, and the lithographed signature of its secretary to be affixed to each of said coupons at the office of the board of directors in said district, this 1st day of January, A. D. 1891." The answer of the defendant corporation denies that the defendant "is, or was at all the times hereinafter mentioned, or at any time or at all, an irrigation district organized, incorporated, or existing under or by virtue" of said act of the legislature of the state of California; denies that the defendant "issued any bond of said irrigation district in the form set forth in paragraph 4 of the complaint herein or at all"; denies that at the time of the issuance of said bonds and coupons thereto attached J. W. Nance was the president of the defendant's board of directors, or that H. A. Plimpton was sec-

116 F.—53

retary thereof, or that the signatures to said bonds were the signatures of said Nance and Plimpton; and denies that subsequent to the issuance of said bonds, or prior to the commencement of the action, the plaintiff in good faith, in the ordinary course of business, and for value, before maturity of said bonds, purchased the same, or the coupons thereto attached. The case was tried before a jury, and judgment was rendered for the defendant in error upon said bonds and coupons for the full amount sued for.

Works, Lee & Works, John D. Works, and Brander W. Lee, for plaintiff in error.

C. C. Wright, for defendant in error.

Before GILBERT, Circuit Judge, and HAWLEY and DE HAVEN, District Judges.

GILBERT, Circuit Judge, after stating the case as above, delivered the opinion of the court:

It is earnestly contended that the court erred in overruling the demurrer which the plaintiff in error interposed to the complaint on the ground that a single bondholder could not maintain an action upon a portion only of the bonds for the purpose of compelling the officers of the irrigation district to levy a tax for his individual benefit. The argument is that the statute directs the officers of a district to levy an annual tax for the payment of the interest, and, after 10 years, for the payment of the principal of the bonds, and that to order the levy of a tax for the payment of an individual bondholder is to require the corporation to perform an act for which it has no statutory authority, and which renders it subject to be harassed by a multitude of suits at the instance of other bondholders. No authority is cited in support of this contention. There are numerous decisions, however, in which the courts, while not discussing this point, have recognized the right of a holder of less than all the bonds to institute a suit to compel the payment of that which is due him. In the case of Waite v. City of Santa Cruz (recently decided) 22 Sup. Ct. 327, 46 L. Ed. 552, there were involved but 9 out of 360 of the bonds, and no question was made of the power of the court to grant relief at the suit of a single bondholder. We cannot see that the plaintiff in error has just ground of complaint if, by the judgment of the court in a case such as this, it is required to comply with the behests of the statute for the benefit of any one who has a valid claim against it. If it be the judgment of the court that the plaintiff in error ought to have levied the annual tax called for by the act, it cannot complain if it be called upon to levy such a tax for the benefit of a bondholder, although the amount due such bondholder may be less than the whole amount of the annual tax which the law contemplated for the payment of that which is due all bondholders. The corporation had a duty to perform as to the defendant in error. In compelling the performance of that duty the defendant in error was not required to bring into the suit all the other bondholders. If the corporation was in error concerning its duty to him or to the others, it is only the result of its own default if it be compelled to answer the suit of any who may have been aggrieved. It had, and still has, the power to relieve itself of such burdens by complying with the statute.

The issues upon which the action was tried before the jury, so far as they concern the questions which are presented upon the writ of error, are raised by the answer of the plaintiff in error by denying its own existence as an irrigation district, and denying that it had ever been organized and incorporated or in existence under the act of the legislature of the state of California, and further denying that it had issued the bonds sued upon, or that at the time of the issuance thereof the officers who executed the same as president and secretary were such officers, or that as such officers they signed said instruments, and denying that the defendant in error was the purchaser of such bonds in good faith, for value, before maturity thereof. Upon the trial of these issues the plaintiff in error complains of the ruling of the circuit court in admitting certain evidence offered by the defendant in error. The defendant in error rested his case after introducing in evidence the bonds and coupons and a certified transcript of the decree of confirmation of the proceedings of the board of supervisors of the county of San Bernardino for the organization of the Perris irrigation district. To the latter the plaintiff in error objected on the ground that no proof was made or offered of the proceedings before the board of supervisors upon which the confirmation was had, and upon the ground that the records, if offered, would show that neither the petition for the confirmation nor any notice that was issued in said proceedings contained any description of the property embraced within the district, nor any notice to any property owner that his lands are within the district. The action of the court in overruling these objections is assigned as error. It is contended that the decree alone, unaccompanied by the record of the proceedings upon which it was based, is incompetent to prove the confirmation of such proceedings. The decree of confirmation was had under the authority of an act of the legislature of California (St. 1889, p. 212), which provides for the examination, approval, and confirmation of proceedings for the issuance of bonds of irrigation districts by a special proceeding to be instituted by the board of directors of any irrigation district, and to be commenced by filing a petition in the superior court of the proper county praying for the confirmation of the acts of the directors. The act requires that the court thereupon publish an order setting a time and place for hearing the petition, at which any person may appear and answer or demur, and that the court then decide the issues of law and fact as in other cases, and determine the legality and validity of the organization of the district and of the issuance of its bonds. The supreme court of the state of California has said of this statute that it is in the nature of a proceeding in rem determining the status of the district and of the bonds, and that it is analogous to a decree admitting a will to probate. Crall v. Irrigation Dist., 87 Cal. 140, 26 Pac. 797. In Irrigation Dist. v. Brandon, 103 Cal. 384, 37 Pac. 484, concerning the effect of the decree of confirmation, the court said: "The proceeding in which that decree was rendered was a proceeding in rem, had and authorized for the express purpose of fixing the legal status of the corporation, and that decree concluded the whole world upon all the questions involved." Of similar import are Board v. Tregea, 88 Cal. 334, 26 Pac.

237, Cullen v. Water Co., 113 Cal. 503, 39 Pac. 769, 45 Pac. 822, 1047, and People v. Linda Vista Irrigating Dist., 128 Cal. 477, 61 Pac. 86. In Tregea v. Board, 164 U. S. 179, 17 Sup. Ct. 52, 41 L. Ed. 395, the supreme court declined to hold that the decree of confirmation made and rendered in advance of the issue of bonds, and before any obligation has been assumed by the district, is res judicata as to one whose property may be taxed for payment of the bonds, who was not served with processes and did not appear in the proceedings, and remarked, "It may well be doubted whether the adjudication really binds anybody;" but the court proceeded to say, "We do not mean to intimate that it may not have effect as evidence, like the certificate of an auditor declared by a legislature to be conclusive." In none of the decisions above referred to, however, is it held that the decree of confirmation alone, unaccompanied by evidence of the proceedings upon which it was had, is competent evidence, whether the decree be deemed a judgment in rem, binding upon all the world, or merely a certificate which may be used by way of evidence of the facts which it purports to find. But whether or not the decree was admissible in evidence in this case in the manner in which it was offered, we think its admission by the court was not reversible error, for the reason that under the issues made by the pleadings the plaintiff in the action was not required to prove the corporate existence of the defendant corporation, or to offer in evidence a decree of confirmation. The complaint had alleged that the defendant corporation was duly organized and existing, and that it had issued the bonds and coupons which were the subject of the action. The defendant had appeared in its corporate name, and demurred to the complaint. Thereafter it had made its answer to the complaint, in which, among other denials, it denied that it was, or ever had been, an irrigation district organized, incorporated, or existing under the act, and it proceeded to make full answer to the complaint on the merits. In 5 Enc. Pl. & Prac. 90, it is said: "It is a general rule that a defendant which, upon being sued as a corporation, answers as such, admits its corporate character." In Thomp. Corp. § 7645, it is said: "The rule, then, is that a corporation, by appearing in a suit which has been brought against it, admits its corporate existence, and estops itself from denying the same." This is sustained by Seaton v. Railroad Co., 55 Mo. 416; Witthouse v. Railroad Co., 64 Mo. 523; Supreme Lodge v. Zuhlke, 30 Ill. App. 98; Iron Co. v. Spradley, 46 Ala. 99; Railroad Co. v. Shirley, 20 Kan. 660. In the latter case Brewer, J., said: "But a party may not come into court and deny his own existence. He may deny his liability to suit, his power to act, or responsibility for his actions; but, coming in, he admits that he exists, so that, when a bill of particulars is filed stating a cause of action against an alleged corporation, if the party upon whom service is made comes in, and pleads and goes to trial as the defendant sued, there is no need of the plaintiff's proving that it is the defendant, and that it exists. The defendant thus coming in has admitted its own existence." It will be observed that the present case is not one in which the defendant corporation makes answer, by special plea or otherwise, that it has ceased to exist, or

that it has been dissolved. Its denial is that it ever existed. This it cannot do while appearing and answering as the corporation named as the defendant, and whose liability is sought to be enforced. Again, the statute of California (section 447 of the Code of Civil Procedure) provides that when an action is brought upon a written instrument, and the complaint contains a copy of such instrument, or a copy is affixed thereto, "the genuineness and due execution of such instrument are deemed admitted, unless the answer denying the same be verified." The answer in this case was not verified, and thereby,. under the statute, the defendant admitted the genuineness and due execution of the bonds and coupons. The admission imports that the bonds and coupons are the genuine paper of the corporation, and that they were signed in due form, and delivered by the corporation. The bonds, moreover, bore the corporate seal of the irrigation district. In McCracken v. City of San Francisco, 16 Cal. 639, it was held that the corporate seal itself is prima facie evidence of the legal execution of the instrument; and in Railroad Co. v. Mansfield, 84 Cal. 565, 24 Pac. 145, the court held that the presence of the seal of a corporation is prima facie evidence that it was placed there by proper authority. The defendant in error was not required, therefore, to offer proof of the organization of the corporation, or of the confirmation of its proceedings.

Several assignments of error are directed to the exclusion by the court of certain evidence offered by the plaintiff in error for the purpose of showing that there were irregularities in the issuance of the bonds such as to render them invalid. The bonds were sold by J. W. Nance, the president of the corporation, to the defendant in error, through the latter's agent. Their par value was $30,000. The plaintiff in error offered to show that J. W. Nance had acquired some $28,000 of the bonds by paying the corporation therefor $25,000, which was 90 per cent. of their par value, and had acquired the remainder from his secretary, who had received them from the company in payment of expenses incurred by him in its behalf. It was admitted that the agent of the plaintiff in error had no notice of these irregularities, if such they were; but it was contended that the fact that the bonds stood in the name of the president of the corporation was a suspicious circumstance, sufficient in itself to put him upon inquiry concerning the facts. We do not think this contention can be sustained. The statute permitted the corporation to sell the bonds at 90 per cent. of their par value. The president was not prohibited from buying them from the corporation. The defendant in error had clearly the right to purchase them from any one so long as he had no notice of any irregularity or infirmity in their issue. There is nothing in the facts which were offered in evidence to indicate that he did not act in good faith. It was not enough that the circumstances might have been such as to create suspicion in the mind of one ordinarily prudent. In order to render the transaction invalid, facts must have come to the notice of the defendant in error or his agent of such a nature that to refrain from pursuing further inquiry would of itself amount to evidence of bad faith. Goodman v. Simonds, 20 How. 343, 15 L. Ed. 934; Murray v. Lardner, 2 Wall. 110, 17 L. Ed.

857; Hotchkiss v. Bank, 21 Wall. 354, 22 L. Ed. 645; Swift v. Smith, 102 U. S. 442, 26 L. Ed. 193. The defendant in error had the right to purchase the bonds from any one who could lawfully have been the owner thereof. The recitals of the bond were sufficient to protect him. He had the right to rely upon those recitals, and to believe that the bonds had been regularly issued, and that they were what they purported to be. Hackett v. Ottawa, 99 U. S. 86, 95, 25 L. Ed. 363; City of Evansville v. Dennett, 161 U. S. 434, 443, 16 Sup. Ct. 613, 40 L. Ed. 760; Gunnison County v. E. H. Rollins & Sons, 173 U. S. 255, 19 Sup. Ct. 390, 43 L. Ed. 689; Waite v. City of Santa Cruz, 22 Sup. Ct. 327, 46 L. Ed. ——.

We find no error in any of the rulings of the circuit court. Its judgment is affirmed.