[Civ. No. 2226.    Third Appellate District.—March 3, 1921.]

## ARTHUR S. BENT, Respondent, v. SECOND EXTENSION WATER COMPANY, Defendant; ALPAUGH IRRIGATION DISTRICT, Appellant.

[1] MUTUAL WATER CORPORATIONS—TRANSFER OF PROPERTY—NONCONSENTING STOCKHOLDER—RIGHT TO CONTINUED SERVICE.—A person owning stock in a mutual water corporation incorporated in accordance with the provisions of section 324 of the Civil Code and which provides in its by-laws that the water should be supplied only to the owners of the stock, and that such stock should be appurtenant to certain lands described in the certificates issued therefor, does not lose his right to demand water when the corporation, without his consent, sells all its water rights and physical property, but the vendee takes such water rights and property subject to his vested right to demand water and must continue to furnish water to him.

APPEAL from a judgment of the Superior Court of Tulare County.    J. A. Allen, Judge.    Affirmed.

The facts are stated in the opinion of the court.

D. E. Perkins for Appellant.

Farnsworth, McClure & Burke and Dickson F. Maddox for Respondent.

BURNETT, J.—The appeal is on the judgment-roll. The decree of the court required defendant Alpaugh Irrigation District, ''upon payment of reasonable cost of furnishing and delivering the same to furnish and deliver to plaintiff, or his successors, upon said land mentioned, and described in the complaint in this action, for irrigation purposes from the water supply and water system formerly owned by said Second Extension Water Company'' a certain quantity of water designated and described therein; it also adjudged that said quantity of water is appurtenant to all the real property described in the complaint and belonging to plaintiff, and ordered and directed that plaintiff recover from said defendant the sum of $1,625.60 for

failure and neglect to furnish water on said land for irrigation purposes during the irrigation season of 1917.

The defendant, Second Extension Water Company, a mutual water corporation, was incorporated in January, 1906, in accordance with the provision of section 324 of the Civil Code. The by-laws provided that the water should be supplied only to the owners of the stock, and that such stock should be appurtenant to certain lands described in the certificates issued therefor. One hundred and twenty shares of such stock were issued to plaintiff, and in the certificate thereof 120 acres of land belonging to plaintiff were described, and a certified copy of the by-laws of the corporation was recorded with the county recorder of Tulare County wherein the land was situated. It is not disputed that the Second Extension Water Company complied with the provisions of said section 324 and that said shares of stock owned by respondent were and are appurtenant to said 120 acres of land, and it is admitted that, as a stockholder in said corporation, respondent has paid all assessments, calls, and demands thereon.

At a meeting of the stockholders of said corporation held on December 21, 1915, the holders of two-thirds of the issued capital stock authorized, by resolution, the board of directors to sell the water, water rights, and all physical property of the corporation to the Alpaugh Irrigation District, and thereafter, for a valuable consideration, the sale was consummated, and on March 3, 1917, said district entered into actual and exclusive possession and control of all of said physical properties.

The respondent did not consent to such transfer and has at all times vigorously opposed the same.

It is admitted by appellant that, prior to March 3, 1917, "The Second Extension Water Company had regularly furnished respondent the amount of water called for in his certificate of stock for the irrigation of the land described in said certificate, but from and after the date of said transfer neither defendants would furnish him with any water, though he demanded it from both."

Said section 324 of the Civil Code provides that "any corporation organized for or engaged in the business of selling, distributing, supplying or delivering water for irrigation purposes or for domestic use, may in its by-laws

provide that water shall only be so sold, distributed, supplied, or delivered to owners of its capital stock and that such stock shall be appurtenant to certain lands when the same are described in the certificate issued therefor, and when such certificate shall be so issued, and a certified copy of such by-laws recorded in the office of the county recorder in the county where such lands are situated, the shares of stock so located on any land shall only be transferred with said lands, and shall pass as an appurtenance thereto.''

Section 361a of said code provides how a valid sale may be made of the business, franchise, and property as a whole of any corporation in the state, and it is not disputed that the sale herein was made in compliance with said statutory authority.

[1] The question then to be determined is whether respondent owning certain stock in a mutual water corporation, such stock being appurtenant to certain land and therefore real property, lost his right to demand water when the corporation, without his consent, sold all its water rights and physical property, or whether the vendee must continue furnishing water to respondent. The question has been decisively answered by the supreme court in favor of respondent's contention, and extended consideration would therefore seem to be unnecessary.

In *South Pasadena* v. *Pasadena L. & W. Co.*, 152 Cal. 579, [93 Pac. 490], the question arose in reference to a corporation engaged in supplying water for public use, and the supreme court held that such water company by complying with the provisions of said section 361a could transfer ''its business, franchises, and property as a whole,'' but that ''the transferee would take the franchise and property pertaining to it subject to all its burdens, and so long as it held it, would be obliged to continue the performance of the public service to which it had been dedicated, and that all the persons to whose use the water is appropriated or dedicated are vested with a right to have the supply continued by whosoever may be in control thereof, and may enforce such right by a proceeding in *mandamus* against the person in control of the supply and the works by which it is distributed, regardless of the title, to compel the continuance of the dis-

tribution, in the usual and proper manner, to those entitled.''

In that case the water was a public utility, and appellant seeks to distinguish it from this upon the ground that herein only a private right of property is involved.

But in *Orcutt* v. *Pasadena L. & W. Co.*, 152 Cal. 599, [93 Pac. 497], it is held that the rule is the same where the water is appurtenant to the land and is a private right of property. Therein it is said: ''The plaintiffs are residents of the portion of South Pasadena supplied with water by the defendant company, and owners of land therein, and it is alleged that a certain share of said water is appurtenant to the respective tracts of land for irrigation and domestic use thereon. They sue on behalf of themselves and of others having similar rights. The fact that the right to receive the water is appurtenant to the land and is a private right of property, and not a mere right as one of a class entitled to share in a public use, does not in any way materially distinguish the case from *South Pasadena* v. *Pasadena L. & W. Co.*''

This view is not in conflict with said section 361a of the Civil Code. While the section authorizes the sale of the business, franchise, and property of the corporation as a whole, it does not nor does it purport to relieve the system of the burden of a vested interest in a portion of the water belonging to a nonconsenting stockholder. In fact, he could not legally be thus deprived of such real property. This right of property does not belong to the corporation, and the owner of it could be divested of it ''only by operation of law, or by an instrument in writing, subscribed by the party disposing of the same, or by his agent thereunto authorized by writing.'' (Sec. 1091, Civ. Code.) The sale by the corporation was manifestly in its individual capacity and not as an agent or instrumentality of the government. Hence, the sale was not by operation of law. (*Klauber* v. *San Diego St. Car Co.*, 95 Cal. 353, [30 Pac. 555].) The owner himself could have transferred his right to the water and thus have severed the appurtenance from the land itself (*Estate of Thomas*, 147 Cal. 236, [81 Pac. 539]), but that is, clearly, not this case.

The fault of appellant seems to be principally in assuming that the interest of the stockholder, as in the ordinary

corporation, is confined to the right to participate in the profits of the business, and the distribution of the assets. Such was the situation in the cases cited by appellant: *Wright* v. *Oroville Gold etc. Co.,* 40 Cal. 20; *Kohl* v. *Lilienthal,* 81 Cal. 378, [6 L. R. A. 520, 20 Pac. 401, 22 Pac. 689]; *Hobbs* v. *Tom Reed etc. Co.,* 164 Cal. 497, [43 L. R. A. (N. S.) 1112, 129 Pac. 781]. They involved mining corporations, and the shares of stock therein did not represent a vested interest that was appurtenant to land.

In the first of these it was said: "The mere legal title to this mining property is undoubtedly vested in the corporation itself, and not in the stockholders as such. The board of trustees may, therefore, control the property, provided that, in doing so, it do not act beyond the limit which the law has assigned to the exercise of corporate authority."

So in *Kohl* v. *Lilienthal* it is said: "Stockholders have no legal title to the property of the corporation. That remains in the corporation, and the shares simply represent the right of the shareholders to share in the distribution of the profits of the corporation, and in the final distribution of its estate when it shall cease to exist and its estate shall have been finally administered."

Likewise, in the Hobbs case the declaration is: "A corporation is the agent and trustee of its stockholders, in their behalf and for their use and benefit holding, controlling, and managing the corporate property and business."

Herein there can be no objection to the sale of the business or of the assets of the corporation, but the stock represents an additional element, an interest in real property, which constitutes a private vested right that the owner may continue to assert, notwithstanding the property of the corporation has been sold. He is bound by the sale to the extent of the ordinary incidents of stock in a corporation and he must accept service of the water from the vendee, but the law does not place in the hands of any number of his fellow-stockholders the power to take away at their will this property right, which the stockholders by their own contract have made appurtenant to plaintiff's land.

Indeed, the decision of the supreme court is a necessary conclusion from the language of section 324 providing that "the shares of stock so located on any land shall only be transferred with said lands, and shall pass as an appurtenant thereto."

We may add that in section 1473 of Kinney on Irrigation and Water Rights (second edition) the learned author says: "Not only may a corporation purchase from individuals or other corporations certain portions of their property and rights, but an incorporated water company has the power to purchase from another corporation, and the latter corporation has the power, with the assent of the requisite number of stockholders required by the law, to legally sell and convey to another corporation all of its property, including its water rights, rights of way, diverting and carrying works, franchises and business, and all other personal and real property of whatsoever kind or nature, if the same is done in good faith, and not for the purpose of delaying or defrauding creditors.

"But the rights of consumers which vested under the operations of the selling corporation are not affected by the transfer to another company, but they have the right to have the water supply 'continued by whomsoever may be in control thereof.' "

We conclude that respondent's water right is his vested private property appurtenant to his land of which he cannot be divested except by his own conveyance, or by operation of law, that no such transfer has been made; that the purchaser took the property of the Second Extension Water Company subject to this vested right of plaintiff and that he is entitled to a continued service of water from the system.

The judgment is affirmed.

Prewett, P. J., *pro tem.*, and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 2, 1921.

All the Justices concurred.