[Civ. No. 4516.  First Appellate District, Division One.—April 26, 1923.]

## KANSABURO  OHSAKI et al., Appellants, v. W.  J. AHERN, Respondent.

[1] LANDLORD AND TENANT—LOSS OF TITLE BY LESSOR—SURRENDER OF POSSESSION BY LESSEE UPON DEMAND—ACTION FOR DAMAGES—PLEADING—SUFFICIENCY OF COMPLAINT.—In an action by lessees against the lessor to recover the amount paid in advance as rental and the amount expended in the cultivation of the demised land, where the complaint alleged that the title to the land had vested in another under a trust deed sale and that defendant had notified plaintiffs that such other person was the lawful owner and that the continuance of the lease depended upon the latter's consent, and further alleged that continuance of the lease had been refused and possession surrendered upon the latter's demand, it was not necessary in order for the complaint to state a cause of action to further allege consent of defendant to the surrender and notification by plaintiffs of the claim of paramount title.

[2] ID.—SURRENDER OF POSSESSION TO TRUE OWNER.—One who has received possession of property under a contract from a person who

has no title or who has subsequently lost the same may yield it to the true owner without waiting for the latter to take it forcibly or by legal proceedings.

[3] ID.—YIELDING TITLE TO LAWFUL OWNER—EFFECT OF.—Where a lessor denies further title in himself and admits it to be in another, yielding title by the lessee to the latter does not amount to a denial of the lessor's title.

[4] PLEADING—ANTICIPATION OF DEFENSE.—A plaintiff is not required in stating his cause of action to incorporate allegations in his complaint for the purpose of meeting or cutting off a defense, and if in so doing he is ambiguous or uncertain in the recital of his allegations, such objection cannot be raised by a general demurrer.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George H. Cabaniss, Judge. Reversed.

The facts are stated in the opinion of the court.

Algernon Crofton and Chas. A. Wetmore for Appellants.

Hoefler, Cook & Snyder and E, E. Hull for Respondent.

TYLER, P. J.—Action for damages for breach of contract in relation to real property.

A demurrer to the amended complaint was sustained, and upon refusal of plaintiffs to further amend the action was dismissed. This is an appeal from such judgment.

It appears from the amended complaint that on November 16, 1920, the defendant leased to plaintiffs a certain tract of land in Sutter County containing some 136 acres, more or less, for the cropping seasons of 1921, 1922 and 1923. Plaintiffs, in accordance with the terms of the lease and at the time of the execution thereof, paid to the defendant the sum of $6,000 in advance as rental. Previous to this transaction the lessor, Ahern, had borrowed from one Huston the sum of $2,800, and as security for the payment thereof had conveyed to Huston by deed of trust the tract of land in question. This loan matured on January 1, 1921, and not having been paid the land was sold to Huston on May 1, 1921, under the trust deed, and title vested in him. Shortly thereafter on May 7, 1921, the defendant Ahern notified plaintiffs that Huston was the lawful owner of the land and that the continuance of the lease depended upon his consent.

On May 14, 1921, plaintiffs were notified by Huston that he was such owner, and that he would not recognize or continue the lease given to them by defendant, and demanded of them that they surrender to him possession of the land forthwith. Plaintiffs complied with this demand. The complaint contains further allegations to the effect that by reason of these facts plaintiffs were denied possession and quiet enjoyment under the lease, notwithstanding that they had performed all the terms and covenants thereof required by them to be performed; and in support of their claim for damages it is alleged that between the time the lease was entered into and the first day of May, 1921, plaintiffs, in accordance with and relying upon the terms of the lease, expended in the tilling and cultivation of the land the sum of $2,850. Judgment was accordingly prayed for the sum of $8,850, which sum consists of the advance rental of $6,000, together with the amount expended in the cultivation of the land.

The demurrer to this complaint was sustained upon the ground that it failed to state a cause of action.

Respondent assigns several reasons in support of the order sustaining the demurrer.

[1] It is first claimed that it was the duty of plaintiffs to require proof of the claimant of his paramount title before voluntarily surrendering possession to him; and that as the complaint fails to show such facts or that Huston held or possessed such title it is defective for this reason. It is further claimed that the pleading is likewise defective in failing to allege consent on the part of the defendant to plaintiffs' surrender, and in the omission of any allegation to the effect that plaintiffs had notified defendant of Huston's claim of paramount title, which, it is claimed, was necessary in order that defendant might have had an opportunity to defend his own title.

These contentions are wholly without merit. The complaint as above indicated recites in what manner Huston acquired title, and it further recites that plaintiffs were notified both by Huston and defendant himself that Huston was the lawful owner. Other allegations upon the subject charge that defendant informed plaintiffs that the continuance of the lease depended upon Huston's consent, and that further recognition of plaintiffs' tenancy was refused by

Huston. No question of lack of notice to defendant in order to enable him to resist Huston's claim of paramount title can therefore in any manner be involved, as notice would have been a useless and idle act. **[2]** Under such circumstances one who has received possession of property under a contract from a person who has no title or who has subsequently lost the same may yield it to the true owner without waiting for the latter to take it forcibly or by legal proceedings. (*Jeffers* v. *Easton, Eldridge & Co.*, 113 Cal. 345, 354 [45 Pac. 680].)

**[3]** Respondent's further contention that the facts pleaded amount to a denial by plaintiffs of their landlord's title is equally without merit. This is not a possessory action but one for damages for breach of the terms of a lease. Defendant, according to the recitals in the complaint, denied further title in himself and admitted it to be in Huston. Yielding title to a claimant under such circumstances does not amount to a denial of title. (*Jeffers* v. *Easton, Eldridge & Co., supra.*)

**[4]** Something is said of the complaint being ambiguous. Plaintiffs were not required in stating their cause of action to incorporate allegations in their complaint for the purpose of meeting or cutting off a defense. If in so doing they were ambiguous or uncertain in the recital of their allegations, this objection could not be raised by a general demurrer. (*Munson* v. *Bowen*, 80 Cal. 572 [22 Pac. 253].)

We do not deem further discussion of the case necessary. To recapitulate, the complaint alleges a right of possession in plaintiffs which carries with it a covenant of quiet enjoyment. (Civ. Code, sec. 1927.) It further alleges full performance on the part of plaintiffs of all the covenants required of them to be performed under the lease, the breach of defendant, and the damage caused thereby. These allegations we deem sufficient.

For the reasons given the judgment is reversed.

Richards, J., and St. Sure, J., concurred.