[Civ. No. 13275.   Second Dist., Div. Two.   Jan. 28, 1942.]

FRANCES COLBY ROGERS, Respondent, v. ROBERT CAMERON ROGERS, Appellant.

Heaney, Price, Postel & Parma and Clarence A. Rogers for Appellant.

Horowitz & McCloskey for Respondent.

HANSON, J. pro tem.—This is a suit by the former wife of defendant to recover a balance alleged to be due upon their property settlement agreement which had been executed in the State of New York and incorporated into a decree of divorce granted to the plaintiff by a Nevada court after an appearance therein by the defendant. The defendant filed an answer containing three affirmative defenses. The second of these defenses alleges that on July 1, 1936, the parties entered into an oral agreement modifying their separation agreement whereby defendant was released from the obligation to make any payment thereunder except from such funds as he might

have after paying his own necessary expenses. In connection therewith he averred that from July 1, 1936, to the month of December, 1937, his income had at all times been insufficient to pay his own expenses, and that since December, 1937, he had no income whatsoever; and in view of the oral agreement he had made no payments to the plaintiff. The trial court sustained a demurrer thereto without leave to amend. Thereafter the defendant filed a motion for leave to file an amended answer, which was denied. The proposed answer merely stated in more detail the defenses set forth in the original answer. The case being at issue on the answer containing certain denials and two affirmative defenses which had not been attacked by demurrer, it was set for trial. Defendant did not appear at the trial but instead took this appeal.

In support of the ruling below plaintiff urges that even if we should hold the ruling to be erroneous the defendant nevertheless has no ground for reversal, since defendant could have introduced evidence in support of the defense by reason of the fact that he had denied an allegation of plaintiff's complaint reading as follows: "That no further agreement or contract of any kind or character has been entered into by the parties, and that the first agreement, as modified by the second and third agreements, is subsisting and in full force and effect." But this was not an allegation essential to the cause of action predicated upon the contract. It simply anticipated a defense and sought to avoid it. It could have been stricken out upon motion; and even though it had not been answered—because it was a nonessential allegation—it would not have been admitted. Moreover, as such an allegation tenders no issue an answer to it would join no issue. (*Boles* v. *Cohen*, 15 Cal. 150; *Canfield* v. *Tobias*, 21 Cal. 349; *Munson* v. *Bowen*, 80 Cal. 572 [22 Pac. 253]; *Weinberger* v. *Weidman*, 134 Cal. 599 [66 Pac. 869].) As a court would not have to make a finding on the allegation (*Souter* v. *Maguire*, 78 Cal. 543 [21 Pac. 183]; *Bacon* v. *Bacon*, 21 Cal. App. (2d) 540 [69 Pac. (2d) 884]), so likewise it would not err in refusing to receive evidence on it from either party.

To argue, then, as respondent does, that appellant could have introduced evidence to sustain his defense because there was a purported joinder of issue on the allegation, is inherently unsound. Moreover, appellant's contention was not that he had a collateral contract but that the monthly in-

stallments sued upon had been satisfied by way of an executed gift thereof by respondent to appellant.

Appellant argues that as each monthly installment matured under the written contract it was fully executed and satisfied by the terms of the oral agreement, regardless of a want of consideration therefor. We think there is no merit in the contention.

By the common law a debt may be discharged in whole or in part only by an agreement under seal or by a promise for a consideration. Accordingly, the agreement of the creditor to discharge the whole or a part of the debt then due, or as it should become due in the future, in consideration of the payment of a lesser amount, is unsupported by a sufficient consideration. The reason is that ''since a debtor incurs no legal detriment by paying part or all of what he owes, and a creditor obtains no legal benefit in receiving it, such payment if made . . . at or after maturity of the debt, is not sufficient consideration for any promise.'' (Williston on Contracts, Permanent Ed., sec. 120.) In this state the rule of the common law has in part been modified by statute. Here not only has the seal been abolished, but an obligation is extinguished by a written release therefrom given to the debtor regardless of any new consideration. (Civ. Code, sec. 1541.) In short, this statute operates to make a written release the equivalent of a writing under seal at the common law. Moreover, still another statute—the statute here relied upon by appellant—provides that while a contract in writing may be altered by an executed oral agreement, it may not otherwise be altered short of a contract in writing. (Civ. Code, sec. 1698.)

In view of the statute just mentioned the particular question before us is the interpretation to be given to the phrase therein reading ''executed oral agreement.'' In short, was the oral agreement in this case an ''executed oral agreement'' as each installment matured under the written contract? The Supreme Court in *Julian* v. *Gold*, 214 Cal. 74 [3 Pac. (2d) 1009], held that an oral agreement between a landlord and tenant for a reduction of the rent under a written lease became an ''executed oral agreement'' as to each current installment of rent when the tenant paid the reduced monthly rental installment and the landlord accepted it. The court predicated its holding on two distinct theories: (1) that the acceptance by a landlord of an orally reduced rent consti-

tutes a gift of the excess to the tenant; (2) that the oral agreement was fully executed by Code of Civil Procedure, section 2076, which provides that a person to whom money is due must upon a tender of money specify any objection he may have to what is tendered or else he will be deemed to have waived it. It will be observed that there was a tender by the debtor in the Julian case. There was no tender at all in the instant case, nor is there any claim by the debtor that he advised the creditor at the time each monthly installment fell due that his net current earnings were insufficient to pay the installment and that no payment was being made in view of the oral agreement. We think it plain that the case of *Julian* v. *Gold* is not here controlling.

Appellant rests heavily upon *Taylor* v. *Taylor,* 39 Cal. App. (2d) 518 [103 Pac. (2d) 575], but we think the case is clearly distinguishable. In that case the defendant ex-husband rendered annual statements to the plaintiff ex-wife showing the amounts due her under the modified oral agreements as to property under his control, and she made like statements to him. Moreover, there was a new consideration for the oral agreement in that plaintiff was permitted to manage one of the properties and collect the rents and make disbursements for its upkeep, whereas the property settlement agreement gave full management and control of all the properties to the defendant.

Another case relied upon is *Price* v. *Price,* 24 Cal. App. (2d) 462 [75 Pac. (2d) 655], but in that case, as in the Julian case, the reduced monthly payments were made as they matured pursuant to an oral contract modifying a property settlement agreement and accepted by the former wife without objection. For the reasons heretofore indicated the case is not helpful here.

From what we have said the defense tendered was not a legal defense to the count based on the property settlement agreement. ▇ For the same reason the defense was not a valid one to the count based on the judgment which incorporated the property settlement agreement. Respondent's further contention, that even if the defense had been proper in a suit on the property settlement agreement it could not be urged as against a suit on the judgment, is a matter which calls for no expression of opinion on our part in view of our general holding.

We should perhaps add that counsel on both sides have

presented this case to us on the theory that the law of this state is applicable to the controversy. We note, however, that the written property settlement agreement, along with the written modifications thereof, were all executed in the State of New York, and that the decree of divorce incorporating the agreement with its subsequent written modifications was rendered by a Nevada court. ■ Whether the oral contract was executed in New York State, as seems probable, is not disclosed by the record. If it was, the law of New York would govern the action on the contract, and not the law of California. In many states, unlike California, an executed oral agreement without consideration is no defense. What the rule in New York may be we have not had occasion to determine, as we are entitled on this record to assume the oral agreement was made in this state.

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.