[No. 6,728.—Department No. 1.]

## LOWELL _v._ LOWELL.

APPEAL—UNDERTAKING.—An appeal from a judgment is well taken, if the notice is filed within the year, and the undertaking (though after the expiration of the year) within the period prescribed by the Code.

ID.—CASE COMMENTED UPON.—The case of _Holcomb_ v. _Sawyer_, 51 Cal. 417, was decided to this effect on rehearing, and the original opinion was reported by mistake.

DIVORCE—PLEADING—ANSWER—DENIAL—HOMESTEAD.—In an action for divorce by a wife against her husband, the complaint alleged that certain land (the separate property of the latter) was dedicated as a homestead by a declaration filed and recorded by her, and that at the time of the declaration, the parties were residing on the land; and the answer denied the former but not the latter allegation. _Held,_ that the denial of the ultimate fact was sufficient, and that a finding, that the wife, at the time of the dec-

laration, had abandoned her husband, and was not residing on the land, was within the issue.

ID.—SEPARATE PROPERTY—HUSBAND AND WIFE.—*Held further*, that the decree rightly adjudged the land to the defendant.

ID.—DESERTION — FORMER ADJUDICATION — ESTOPPEL.—A judgment, pleaded as an estoppel in this case, *held* not to be so.

ID. — ATTORNEY's FEE. — The defendant filed a cross-complaint, alleging abandonment by the plaintiff, and judgment was rendered in his favor; but the judgment directed that he should pay money to the plaintiff for her attorney's fee. *Held*, not to be erroneous.

APPEAL by the plaintiff and defendant, from a judgment in the Sixth District Court, County of Sacramento. DENSON, J.

The allegations in the complaint, with reference to the homestead, are as follows:

" VI. That those parts of sections 6 and 7, etc.,"    *    *    * (describing the land) " are the homestead of plaintiff and defendant, and were dedicated as such by a declaration filed June 6th, 1873, by plaintiff, and recorded, etc.;    *    *    * that plaintiff and defendant, at said last named date, were residing on said premises as their home."

The answer " denies that the piece of real estate described in said complaint was dedicated by a homestead filed by plaintiff on the 6th of June, 1873, or that the same was ever dedicated by said plaintiff as a homestead."

The Court finds (in finding 5) that the allegations of the complaint, with reference to the alleged homestead, are untrue; that the declaration was sufficient in form and substance, but was untrue in fact, in this, that plaintiff was not, at the time of making or filing the same, residing with defendant upon the land, but that she had left and abandoned her husband's home with the intention of making her home in Ireland.

The plaintiff, in answer to the cross-complaint, pleaded, as a bar, a judgment rendered in a prior action on the 25th day of September, 1877, in which the defendant had filed a cross-complaint, alleging abandonment by the plaintiff, commencing in May, 1873, and continued to the time of the filing of the cross-complaint, and in which the Court found that the plaintiff had not at any time deserted the defendant, and rendered judgment against him; and there was no finding as to this allegation.

*A. C. Freeman*, for Appellant (plaintiff).

The *fifth* finding is against the admissions of the pleadings. The sixth allegation of the plaintiff's complaint was not denied by defendant, except as to matters which the Court finds to be true. The answer does not deny that the plaintiff and defendant were both residing on the premises when the homestead declaration was filed. The Court, on September 25th, 1877, had decided that the plaintiff never had at any time deserted the defendant. Yet, in finding fifth, it finds a desertion June 6th, 1873, and on that account cancels the homestead declaration.

*W. C. Van Fleet, W. F. George*, and *J. H. McKune*, for Respondent (defendant).

The *ultimate* fact pleaded by the plaintiff, in the sixth paragraph of her complaint, is that the lands " are the homestead of plaintiff and defendant." The other allegations are merely as to *probative* facts, and are to be treated as surplusage. The *ultimate* fact is denied. (*Racouillat* v. *Renee*, 32 Cal. 450; *Marshall* v. *Shafter*, id. 176; *Grewell* v. *Walden*, 23 id. 165; *Miles & O'Brien* v. *McDermott*, 31 id. 271; *Willson* v. *Cleaveland*, 30 id. 192.) The plea of former adjudication is clearly insufficient. (*Vance* v. *Vance*, 17 Me. 203; *Griffin* v. *Griffin*, 8 B. Mon. 120; *Milner* v. *Milner*, 2 Edw. Ch. 114; *Ferrier* v. *Ferrier*, 4 id. 296; *Hill* v. *Hill*, 10 Ala. 527.)

McKINSTRY, J.:

These are cross-appeals, the plaintiff appealing from the whole judgment, and the defendant from that portion thereof which decrees the defendant to pay the sum of $100 to A. C. Freeman, attorney for plaintiff, for services rendered.

Defendant's counsel moved to dismiss the appeal of plaintiff, on the ground that the undertaking on appeal was not filed within one year after the judgment was entered.

An appeal is taken by filing and service of the notice, but it is effectual for no purpose until the undertaking is filed. The failure to file the undertaking within the time prescribed by the Code of Civil Procedure renders the notice nugatory, but if

filed within that time the appeal is well taken. (*Peran* v. *Monroe*, 1 Nev. 484 ; *McCreery* v. *Everding*, No. 5,046. See, also, *Holcomb* v. *Sawyer*, in which case a rehearing was granted, and the question decided as herein, but the original opinion in which was reported by mistake, at 51 Cal. 417.)

The action was brought by plaintiff to obtain a divorce from defendant, a partition of their homestead, for alimony, and for maintenance of her child, and to be let into possession of the homestead. Defendant, by way of cross-complaint, alleged desertion by plaintiff. The Court granted defendant a divorce from plaintiff, and decreed that the certificate of homestead be set aside and annulled, and that plaintiff have no interest in the homestead property.

1. The third denial of the answer is a denial of the material fact stated in the sixth allegation of plaintiff's complaint, to wit: That the real estate described therein was the homestead of the parties.

2. It is urged that inasmuch as the same Court, on the 25th day of September, 1875, had decided that the plaintiff had not deserted defendant, finding *five*, that plaintiff had deserted defendant June 6th, 1873, *is not sustained by the evidence*. The desertion alleged in the cross-complaint is of February, 1877. The Court (finding sixth) finds that on that day plaintiff willfully deserted defendant, and has ever since willfully deserted and lived apart from him, and refused to cohabit, etc. If the facts recited in finding fifth can be held to be the equivalent of a finding that a desertion by plaintiff commenced in 1878, and such finding cannot be upheld for the reason mentioned by plaintiff's counsel, still, the desertion beginning in February, 1877, may be maintained, notwithstanding the prior adjudication. Giving the utmost effect to the prior judgment, it was a finding that the desertion had not continued for the statutory period when the former action was commenced.

3. The answer alleges that the real property, described in the sixth allegation of plaintiff's complaint as a homestead, is the separate property of defendant. The decree properly provided for the preservation of the property to defendant.

The portion of the judgment directing the payment of money

to plaintiff's attorney is not erroneous.    (Civ. Code, § 137 ; Code Civ. Proc. § 1049.)

Judgment affirmed.

McKEE, J., and Ross, J., concurred.