[S. F. No. 1860.   Department Two. — November 27, 1901.]

## HANNAH E. WEINBERGER, Respondent, v. LELAND R. WEIDMAN, Appellant.

MORTGAGE — STATUTE OF LIMITATIONS — NEW PROMISE AFTER BAR OF STATUTE — RENEWAL OF MORTGAGE. — The lien of a mortgage is not extinguished by lapse of time, so long as the principal obligation is kept alive, and suit can be brought upon the original promise; but a new promise, made after the bar of the statute has fully accrued upon the original promise, cannot have the effect to renew or continue the mortgage, the lien of which is extinguished by such bar of the statute.

ID. — RENEWAL OF NOTE — REDUCTION OF INTEREST — PLEADING — ARGUMENTATIVE AVERMENT OF EVIDENCE NOT ADMITTED — SUFFICIENCY OF DENIAL. — An averment that a certain sum is due, with interest at a specified rate, which is less than the face of the note, from a certain date, "such reduction of interest having been agreed to by both parties," on a date specified, prior to the bar of the note, is not an averment that the note was then renewed by a written promise signed by the defendant, and does not state the ultimate fact of promise to pay it, or any fact material to the plaintiff's case, but only contains mere argumentative matter of evidence of doubtful inference, inserted only to anticipate a defense, and the failure to deny the averment thus made does not admit it.   Any possible implication of the renewal of the note is sufficiently denied by a denial that the defendant *ever* promised to pay the note.

APPEAL from a judgment of the Superior Court of Napa County and from an order denying a new trial.   E. D. Ham, Judge.

The facts are stated in the opinion of the court.

Webber & Rutherford, for Appellant.

Thomas Watt, and A. J. Hull, for Respondent.

TEMPLE, J. — This is an action to foreclose a mortgage given to secure the payment of a promissory note dated March 2, 1892, due one year from date.   The action was commenced September 6, 1898, about eighteen months after the right of action was barred, unless there was a new promise or acknowledgment sufficient to keep the debt and the lien alive.   The defense of the statute is made.

Anticipating the defense under the statute, or for the purpose

of founding the action upon a new promise, the plaintiff in his complaint attempts to aver a new promise to pay the debt, made April 16, 1897, in a letter written by the defendant to an agent of plaintiff. That was after the statute had run, and conceding that it was sufficient as a new promise upon which an action might be brought, it did not renew or continue the mortgage. This was determined in *Wells* v. *Harter*, 56 Cal. 342, which case was, as to this point, affirmed in *Southern Pacific Co.* v. *Prosser*, 122 Cal. 413. In the last-named case a distinction is pointed out between a new promise made before the statute has run and one made afterwards. The one keeps alive the first obligation, and if suit is brought, it must be upon the original promise, and so long as the debt is kept alive, the lien of the mortgage continues. If the new promise was made after the bar of the statute had accrued, the action must be based upon it. This was also held in *London etc. Bank* v. *Bandmann*, 120 Cal. 220.[1] This is equivalent to saying that a lien is not extinguished by lapse of time, so long as the principal obligation is kept alive, and that a promise or acknowledgment continuing in force the principal obligation is not a renewal or extension of the mortgage, within the meaning of section 2922 of the Civil Code.

· But the respondent contends that the note was renewed by a sufficient acknowledgment in writing before the bar of the statute had accrued. No writing to that effect was shown, but it is argued that there is an admission to that effect in the pleadings, and in this way. In the averment that the note is due and unpaid it is said: "That there is now due and unpaid on said promissory note, from said defendant, Leland R. Weidman, to this plaintiff the principal sum of two thousand and twenty-eight dollars, and interest thereon at the agreed rate of eight per cent per annum, compounding annually, from the second day of September, A. D. 1894, all in United States gold coin, such reduction of interest having been agreed to by both parties on November 17, 1894." The note called for interest at the rate of nine per cent per annum, compounded semi-annually. It is contended that this mere recital, contained in the necessary allegation that the debt secured by the mortgage is still unpaid, carries in it the necessary inference of a promise in writing by the debtor to pay the debt, and

---

[1] 65 Am. St. Rep. 179.

thereby gave it a new term. Plaintiff avers, it is said, that the original contract was then altered, and as that could be done only in writing, the presumption is (it is argued) that the agreement to change the rate of interest must have been in writing.

There are difficulties in the way of the respondent in regard to this contention. The statement is not in the form of an allegation; in fact, nothing is asserted, nor is any claim founded upon it against the defendant. It is a mere explanation of the allegation as to the amount due. If defendant admitted the allegation, why should he deny the explanation? It is not material to plaintiff's case. Even if it had been intended to anticipate the defense of the statute, it still was no part of plaintiff's cause of action. Although it should appear from the complaint that the action was barred, still the complaint would be perfectly good, if the statute were not pleaded. A defendant is not bound to deny, and does not admit by not denying, allegations not essential to plaintiff's cause of action, but inserted merely to anticipate a defense. (*Canfield* v. *Tobias,* 31 Cal. 349; *Wormouth* v. *Hatch,* 33 Cal. 128.) Not only was this allegation not material to plaintiff's cause of action, but without it he could have recovered all that he could recover with it. It was wholly (as pleaded) in the nature of an admission of a partial defense on the part of the defendant.

If it can be regarded as an attempt to aver the renewal of the note, it was not an averment of the ultimate or issuable fact, but of mere evidence, and of such evidence as required argument to show that it was such. Allegations as to evidence are not admitted by failure to deny. (*Moore* v. *Murdock,* 26 Cal. 515; *Lowell* v. *Lowell,* 55 Cal. 316.) That the fact supposed to be essential can only be got out of the recital by doubtful inference, is itself fatal to respondent's contention. (*Campbell* v. *Jones,* 38 Cal. 507; *Stringer* v. *Davis,* 30 Cal. 318; *Denver* v. *Burton,* 28 Cal. 549; *Burkett* v. *Griffith,* 90 Cal. 532.[1]) A different rule would permit practice calculated to beguile an unwary adversary.

Besides all this, the inference that there was an agreement signed by the defendant is entirely unwarranted. We must presume that the pleader has stated the case as favorably to himself as possible. The allegation is merely that the creditor

[1] 25 Am. St. Rep. 151.

remitted a part of his claim.   It was sufficient that, being supported by a valuable consideration, it was signed by the plaintiff alone.   The change in the contract added nothing to the obligations of the defendant, nor did it change them otherwise than that it relieved him from a portion of his burden in reducing the amount of his debt.

Lastly, if it can be considered that this recital contains in its belly a concealed allegation of a renewal, it is specifically denied in the answer, wherein defendant denies that he *ever* promised to pay the note.   The promise to pay is that which renews the obligation, and no acknowledgment is sufficient unless it at least implies a promise, and the promise was the ultimate fact to be averred.   (Wood on Limitations, sec. 64.)

As to the testimony of plaintiff to the effect that at the request of defendant she had agreed with him to remit a portion of the debt, it was immaterial whether such agreement was in writing, or even whether it was valid.   Defendant was not called upon to object, even though it had never been made at all.   It would be a travesty upon a trial in a court to now put a construction upon this evidence which it would have been unreasonable for the defendant to have put upon it at the time.

The idea seems to possess counsel, and possibly to some extent the trial court, that the defendant justly owes the plaintiff, and ought not to plead the bar of the statute, and that the court should be diligent to find some excuse for preventing that result.   But it is for the legislature, and not for the courts, to determine when the bar of the statute is a legal and proper defense.   The policy is plainly laid down, that debts must be collected within certain periods, reduced to judgment, or kept alive in the mode designated, or they will be barred.

Judgment and order reversed and a new trial ordered.

McFarland, J., and Henshaw, J., concurred.