Filed 8/17/21; Certified for Publication 8/25/21 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| RYAN HOLMAN, | C093268 |
| Plaintiff and Appellant, | (Super. Ct. No. 20CV00578) |
| v. | |
| COUNTY OF BUTTE et al., | |
| Defendants and Respondents. | |

Plaintiff Ryan Holman sued the County of Butte, the County of Butte Health and Human Services Department (Health and Human Services), and the County of Butte Sheriff's Office (Sheriff's Office) (collectively County) for negligence under a theory Health and Human Services and the Sheriff's Office failed to perform mandatory duties under Government Code section 815.6 related to the investigation and reporting of allegations of child abuse perpetrated against plaintiff by his parents. The County demurred, contending plaintiff's allegations were time barred by Code of Civil Procedure[1] section 338, subdivision (a). The question before the trial court was, and on

---

[1] Further section references are to the Code of Civil Procedure unless otherwise specified.

1

appeal is, whether the discovery -- which postpones the accrual of a cause of action until such time as the facts underlying the cause of action were or should have been discovered -- is available to plaintiff to excuse his filing of the complaint after the statute of limitations had expired. The trial court agreed with the County that the discovery rule was unavailable when section 338, subdivision (a) is the applicable statute of limitations. We disagree and reverse.

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was born in January 1992 and lived the majority of his adolescent and teenage years in Butte County with his mother and father. In 2004, when plaintiff was 12 years old, plaintiff's father "began a pattern of physically and emotionally abusing Plaintiff's mother . . . in the presence of Plaintiff. This included striking [her] with fists, shouting at her, using insults and vulgar and abusive language, and other forms of physical and emotional abuse." In 2006, when plaintiff was 14 years old, "his parents began practicing a pattern of physical abuse against [him] including striking him with fists, attempting to kick him, other physical abuse, and threatening him with violence and retaliation. Plaintiff's parents subjected him to such abuse continuously for approximately four years until on or about until April 2008."

Plaintiff alleged in the operative complaint that in May 2006, Health and Human Services "received a referral of substantiated child abuse by Plaintiff's teacher, a mandatory reporter." Upon receiving the report, Health and Human Services "failed to accurately fill out" the screening forms by "failing to mark categories for reports of 'cruel or excessive corporal punishment', 'threats of physical harm', 'Domestic Violence', 'failure to protect' among other appropriate screening categories leading [it] to 'evaluate out' the referral without making any follow up steps." The screening form recommends an " 'in-person' response if any single category is marked on the evaluation form." Plaintiff alleged Health and Human Services "had a mandatory duty pursuant to Welfare and Institutions Code Sections 300 and 328 to conduct some investigation of

2

substantiated abuse allegations" and its failure to do so resulted in the continued abuse of plaintiff and "lifelong consequences including but not limited to: post-traumatic stress disorder, obsessive-compulsive disorder, anxiety disorder(s), depression, with the effect of substantially limiting one or more major life activities, and requiring professional treatment and counseling for the rest of Plaintiff's life."

Health and Human Services also did not cross-report the report of child abuse to the Butte County District Attorney or the Sheriff's Office. This "was the beginning of a series of insufficiently documented violations of Penal Code [section] 11166, causing subsequent contacts with the Sheriff's Office to appear to be isolated instances of unsubstantiated abuse . . . ."

Plaintiff did not become aware of the report of child abuse until the person who had made the report told him about it in 2019. Also, in "December of 2017, Plaintiff was subjected to a violent outburst by his father while at the Chico home of his parents for the holidays. [¶] . . . Prior to the December 2017 traumatizing event, Plaintiff was suffering from trauma induced amnesia, as diagnosed by his mental health treatment provider. [¶] . . . Plaintiff's trauma induced amnesia prevented him from remembering the consistent and repeated abuse that he suffered at the hands of his father and mother years earlier. [¶] . . . However, the traumatizing event in December of 2017 served as a 'triggering' event causing many of Plaintiff's childhood memories of abuse to return. [¶] . . . As these traumatic memories returned to Plaintiff in early 2019, Plaintiff began to investigate his history within the Butte County welfare system. [¶] . . . Prompted by his recent recovered memories of traumatic childhood abuse, the Plaintiff submitted inquiry in October 2019 to [Health and Human Services] agency seeking any records of reported abuse from his childhood. [¶] . . . Plaintiff's October 2019 inquiry led [Health and Human Services] to inform Plaintiff in writing in an October 29, 2019 letter, of the report of substantiated suspected child abuse that went unaddressed and un-investigated by Butte County years earlier." "Prior to receiving the October 2019 letter, the Plaintiff had

3

no way of knowing [Health and Human Services] ever received the report of child abuse at the hands of his father."

Based on these facts, plaintiff filed a complaint in February 26, 2020. In the operative complaint, plaintiff's first cause of action alleged the County of Butte and Health and Human Services failed to perform the mandatory duty required by Welfare and Institutions Code section 328 "(with correlated [Welfare and Institutions Code] Section 300) by failing to perform or conduct any investigation or follow up after receiving a substantiated child abuse report" in May 2006. Plaintiff's second cause of action alleged the County of Butte and Health and Human Services failed to cross-report " 'a known or suspected instance of child abuse' " to the Sheriff's Office and Butte County District Attorney's Office as required by Penal Code section 11166, subdivision (j). Plaintiff's third cause of action alleged the Sheriff's Office violated Penal Code section 11166, subdivision (k) "by repeatedly failing to cross report a 'known or suspected instance of child abuse' to [Health and Human Services] and to the Butte County District Attorney's Office." This allegation was based on the alleged failure to cross report the substantiated reports of suspected child abuse the Sheriff's Office investigated on May 27, 2007, September 9, 2007, and April 15, 2008.

The County demurred arguing the applicable statute of limitations for all of plaintiff's causes of action was found in section 338, subdivision (a), which applied a three-year statute of limitation from the date the alleged wrongdoing occurred, not when defendant learned of it. This was because, in the County's view, section 338, subdivision (a) does not provide for application of the discovery rule unless the statute expressly states that the discovery rule applies. Plaintiff agreed with the County as it pertained to the applicable statute of limitations. Plaintiff, however, disagreed about the discovery rule. In that regard, he argued the rule did not apply only through a statutory mandate, but also applied through common law. In reply, the County again asserted that the delayed discovery rule did not apply to causes of action described in section 338,

4

subdivision (a) and additionally argued that, even if the delayed discovery rule were applicable, plaintiff failed to allege sufficient facts justifying the 26-month delay from the time he had inquiry notice until he filed the instant litigation.

The trial court agreed with the County, in "that Plaintiff has failed to present any authority to support application of the delayed discovery rule to the applicable statute of limitations in this case as set forth in Code of Civil Procedure Section 338(a). The Demurrer is sustained without leave to amend . . . ." Plaintiff's suit was then dismissed.

Plaintiff appeals.

DISCUSSION

The parties agree that the applicable statute of limitations is that found in section 338, subdivision (a), which provides that the time to commence "[a]n action upon a liability created by statute, other than a penalty or forfeiture" is three years. They disagree about whether plaintiff can rely on the discovery rule to excuse his delay in filing his action beyond that provided by section 338, subdivision (a). We agree with plaintiff that the common law discovery rule is available when the statute of limitations under section 338, subdivision (a) is the applicable statute of limitations.

" 'Statute of limitations' is the 'collective term . . . commonly applied to a great number of acts,' or parts of acts, that 'prescribe the periods beyond which' a plaintiff may not bring a cause of action. [Citations.] It has as a purpose to protect defendants from the stale claims of dilatory plaintiffs. [Citations.] It has as a related purpose to stimulate plaintiffs to assert fresh claims against defendants in a diligent fashion. [Citations.] Inasmuch as it 'necessarily fix[es]' a 'definite period[] of time' [citation], it operates conclusively across the board, and not flexibly on a case-by-case basis. [Citations.] That is to say, a cause of action brought by a plaintiff within the limitations period applicable thereto is not barred, even if, in fact, the former is stale and the latter dilatory; contrariwise, a cause of action brought by a plaintiff outside such period is barred, even

5

if, in fact, the former is fresh and the latter diligent." (*Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 395.)

"To establish any such period under any such statute belongs to the Legislature alone (*Weinberger v. Weidman* (1901) 134 Cal. 599, 602, [66 P. 869]), subject only to constitutional constraints (see *Regents of University of California v. Superior Court* [(1999)] 20 Cal.4th [509,] 534.) [¶] Under the statute of limitations, a plaintiff must bring a cause of action within the limitations period applicable thereto after accrual of the cause of action. [Citations.] [¶] The general rule for defining the accrual of a cause of action sets the date as the time 'when, under the substantive law, the wrongful act is done,' or the wrongful result occurs, and the consequent 'liability arises.' [Citation.] In other words, it sets the date as the time when the cause of action is complete with all of its elements [citations].

"An exception to the general rule for defining the accrual of a cause of action -- indeed, the 'most important' one -- is the discovery rule. [Citation.] It may be expressed by the Legislature or implied by the courts. [Citation.] It postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." (*Norgart v. Upjohn Co.*, *supra*, 21 Cal.4th at pp. 396-397.)

The County contends that in the case of section 338, subdivision (a) the Legislature did not expressly provide for the discovery rule to apply and the court is precluded from implying it given the composition of section 338 as a whole. According to the County, because multiple subdivisions of section 338 expressly provide for the application of the discovery rule, and subdivision (a) does not, the discovery rule is not available for claims to which subdivision (a) applies. We disagree.

Like subdivision (a) of section 338, subdivision (b) also does not provide for application of the discovery rule, nor does subdivision (g). But courts have applied the discovery rule to those subdivisions. (*Baxter v. State Teachers' Retirement System* (2017) 18 Cal.App.5th 340, 358 [cases cited therein].) Indeed, absent the Legislature's

6

clear intent, we presume it intended to make the common law discovery rule applicable to section 338, subdivision (a).  (See *Saint Francis Memorial Hospital v. State Dept. of Public Health* (2020) 9 Cal.5th 710, 720-722 [equitable tolling applied to 30-day statute of limitations in which to file a petition for a writ of mandate because the Legislature did not express its intent to reject the doctrine's application as " 'part of the established backdrop of American law' "].)

Here, the Legislature did not provide that the discovery rule was inapplicable, nor did it adopt a statute of repose cutting off all liability after a given amount of time no matter the circumstances.  (Cf. § 337.15; *Saint Francis Memorial Hospital v. State Dept. of Public Health*, *supra*, 9 Cal.5th at pp. 722-723 [The Legislature " 'specified in section 337.15 that whatever limitations periods might otherwise apply, "no action" for injury to property arising from latent construction defects "may be brought" more than 10 years after substantial completion of the project.' [Citation.]  The statute's 10-year limitations period, therefore, was intended 'to be firm and final.' "]; see also *Regents of University of California v. Superior Court*, *supra*, 20 Cal.4th at pp. 521, 527-529 [30-day statute of limitations in which to sue to nullify a government act did not lend to exception where statute provided that "[a]ny action seeking such a judicial determination shall be commenced within 30 days from the date the [government] action was taken"].)

Further, judicial application of the discovery rule to subdivision (a) does not render the codified discovery rules in the section's other subdivisions surplusage.  The other subdivisions of section 338 that expressly address the discovery rule merely provide different triggers of the limitation period than the judicial rule, which postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action.  (§ 338, subds. (c) [accrual upon the discovery of the whereabouts of an article of historical, interpretive, scientific, or artistic significance], (d) [accrual upon discovery of facts constituting the fraud or mistake], (e)-(f), (h)-(i), (k)-(l), (o) [accrual upon discovery of facts constituting the cause of action].)

7

Moreover, unlike the parties, we have discovered a case that applied the discovery rule to section 338, subdivision (a). In *Craig v. City of Poway* (1994) 28 Cal.App.4th 319, the court concluded the plaintiff's delay in filing a lawsuit against a redevelopment agency was excused because she had no actual or constructive notice of the conduct giving rise to her claim -- the redevelopment agency, without providing public notice, spent money from an affordable housing fund on an unrelated project in violation of Health and Safety Code sections 33334.2 and 33334.3. (*Craig*, at pp. 327, 340-341.)

Instead, the County relies on *Evans v. Eckelman* (1990) 216 Cal.App.3d 1609, to argue the discovery rule cannot apply given the underlying causes of action. In *Evans*, the court concluded the discovery rule applied to the statute of limitations applicable to victims of child molestation because child victims do not understand their injury and because they are taken advantage of in the context of a special relationship. (*Id.* at pp. 1615-1617.) It reasoned that most of the cases applying the discovery rule were cases in which the plaintiff could not easily ascertain his or her injury and there existed a confidential or fiduciary relationship between the parties. (*Id.* at pp. 1614-1615.) The County argues that because that is not the case here, the discovery rule is inapplicable.

The justifications pointed out by the *Evans* court, however, are relevant to when the plaintiffs knew or should have known the salient facts underlying their cause of action (see *Gutierrez v. Mofid* (1985) 39 Cal.3d 892, 897 ["the uniform California rule is that a limitations period dependent on discovery of the cause of action begins to run no later than the time the plaintiff learns, or should have learned, the *facts* essential to his claim"]), not whether the discovery rule was available to this class of plaintiffs in the first place. Indeed, in the cases relied upon by the *Evans* court, our Supreme Court did not conclude the discovery rule was available because of the *type of claim* brought by the plaintiffs. Our Supreme Court concluded that because the facts established the plaintiffs could not have reasonably discovered their injuries and the cause of those injuries until after the negligent act occurred, those plaintiffs could rely on the discovery rule to

8

postpone the running of the statute of limitations. (See *Jolly v. Eli Lilly & Co.* (1988) 44 Cal.3d 1103, 1110 [after rejecting that knowledge of a legal claim was required before a cause of action could accrue, our Supreme Court said, "Under the discovery rule, the statute of limitations begins to run when the plaintiff suspects or should suspect that her injury was caused by wrongdoing, that someone has done something wrong to her"]; *Neel v. Magana, Olney, Levy, Cathcart & Gelfand* (1971) 6 Cal.3d 176, 190-192 [determined that, in the face of Legislative silence, the discovery rule required the accrual of a legal malpractice claim to commence when the plaintiff discovered the facts supporting the cause of action]; *Huysman v. Kirsch* (1936) 6 Cal.2d 302, 312-313 [determined the discovery rule prevented the plaintiff's medical malpractice causes of action from accruing while the plaintiff was ignorant of the cause of the injury and could not with reasonable care and diligence ascertain such cause]; *Marsh v. Industrial Accident Com.* (1933) 217 Cal. 338, 351 [determined the statute of limitations could not run against an injured employee during the time said person was ignorant of the cause of his disability and could not with reasonable care and diligence ascertain such cause].) The fact that each of those plaintiffs suffered an injury that was hard to detect or that their individual tortfeasors were in a special relationship with them, informed our Supreme Court's conclusion the plaintiffs reasonably could not have discovered the facts underlying their causes of action earlier.

Indeed, the judicially applicable discovery rule serves to ameliorate the harshness of the general rule that the statute of limitations begins to run regardless of a plaintiff's knowledge. The discovery rule is applicable "where it would be manifestly unjust to deprive a plaintiff of a cause of action before he is aware he has been injured." (*Mangini v. Aerojet-Gen. Corp.* (1991) 230 Cal.App.3d 1125, 1150.) "Whether the discovery rule applies at all is initially a matter of pleading." (*Ibid.*) "In order to rely on the discovery rule for delayed accrual of a cause of action, '[a] plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must

9

specifically plead facts to show (1) the time and manner of discovery *and* (2) the inability to have made earlier discovery despite reasonable diligence.' [Citation.] In assessing the sufficiency of the allegations of delayed discovery, the court places the burden on the plaintiff to 'show diligence'; 'conclusory allegations will not withstand demurrer.' " (*Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 808.)

In that regard, the County does not contend plaintiff's failure to discover his cause of action before the December 2017 triggering event was unreasonable. Instead, it argues plaintiff failed to meet his burden because he did not plead facts demonstrating he diligently investigated his claim after the traumatizing event in December 2017 triggered his memories of abuse. The problem with the County's argument is that, whether diligent or not, plaintiff brought his claim within three years of the triggering event, thus falling within the statute of limitations when the discovery rule is applied. The discovery rule postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action. Once the cause of action accrues, the injured party still has the statute of limitations period to investigate the parameters of his or her claim. (*Norgart v. Upjohn Co.*, *supra*, 21 Cal.4th at p. 397.) Because plaintiff filed his action within three years from when he had reason to know of his causes of action, his suit is timely.

DISPOSITION

The judgment is reversed. Plaintiff shall his recover costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1).)

/s/
Robie, J.

We concur:

/s/
Raye, P. J.

/s/
Renner, J.

10

Filed 8/25/21

<u>CERTIFIED</u> <u>FOR</u> <u>PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

|  |  |
|---|---|
| RYAN HOLMAN, | C093268 |
| Plaintiff and Appellant, | (Super. Ct. No. 20CV00578) |
| v. | ORDER CERTIFYING OPINION FOR PUBLICATION |
| COUNTY OF BUTTE et al., | |
| Defendants and Respondents. | |

THE COURT:

The opinion of this court filed August 17, 2021, was not certified for publication in the Official Reports.  For good cause it now appears the opinion should be published in its entirety in the Official Reports and it is so ordered.

BY THE COURT:


 /s/
Raye, P. J.


 /s/
Robie, J.


 /s/
Renner, J.

1

EDITORIAL

APPEAL from a judgment of the Superior Court of Butte County, Tamara L. Mosbarger, Judge. Reversed.

Ryan Holman, in pro. per., and for Plaintiff and Appellant.

Bruce S. Alpert, Butte County Counsel, Brad Stephens, Assistant County Counsel; Law Offices of Gregory P. Einhorn, Gregory P. Einhorn, for Defendants and Respondents.